CASE 64—PETITION EQUITY—JANUARY 14.

# Creutz v. Heil, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. COMPROMISE—CONSIDERATION.—The surrender or discharge of a claim which is utterly without foundation, and known to be so, is not a good consideration for a compromise. While there can be no inquiry as to the adequacy of the consideration, the want of any consideration whatever can be inquired into.

   The husband of a life tenant, after her death, refused to surrender possession, asserting a claim to the property, and also a claim to compensation for taxes paid and improvements made during the life of his wife, the mother of the remaindermen. As a compromise of their differences, the remaindermen executed to their step-father a mortgage for several hundred dollars, payable when they should sell the property, the mortgagee to remain in possession rent free until said sum should be paid. *Held*—That the claim of the mortgagee was without foundation, of which he was fully aware at the time of the alleged compromise, and, therefore, there was no consideration therefor.

2. IT IS THE DUTY OF A LIFE TENANT TO PAY THE TAXES and keep the property improved, and, therefore, he can not require the remaindermen to compensate him therefor, and as the husband is entitled to the use and profits of the wife's life estate, the same rule as to rents and improvements should apply to him.

GEORGE WASHINGTON FOR APPELLANT.

1. The compromise of a disputed claim, asserted in good faith, is good consideration for a promise, whether or not the litigation has commenced, even though it should ultimately appear that the claim was wholly unfounded. (Jones v. Chappell, 5 Mon., 424; Berdell v. Bessell (Superior Court of Colorado), 4 Ky. Law Rep., 737; 1 Parsons on Contracts, p. 438 (6th ed.); Brooks v. Hall, 36 Kan., 697; Grandin v. Grandin, 49 N. J. L., 508; 60 Am. Rep., 542; 8 Cent. Rep., 589; Adams v. Adams, 70 Iowa, 253; Taylor v. Patrick, 1 Bibb, 168; Kerr on Fraud and Mistake, pp. 403, 404.)

2. Fraud can not be imputed to one on account of his mere expression of opinion as to a matter which is as open to one person's judgment as to another's. (Lewless v. Detroit, &c., R. Co., 8 West. Rep., 806; 2 Bibb, 450.)

CRAWFORD & IRWIN FOR APPELLEES.

1. This court will not disturb the finding of the chancellor upon a mere question of fact unless the finding is flagrantly against the evidence.
2. If Creutz did not know of the will, and of his wife's failure to obey its provisions, he should have known it, and had constructive notice by reason of its having been filed and recorded, and he will not now be permitted to rely on his ignorance of it in his dealing with infants. (Johnson v. Stewart, 8 Ky. Law Rep., 857.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Mrs. Creutz, wife of the appellant, was the widow of Valentine Heil, deceased, who died in 1866, leaving the widow aforesaid, and the appellees as children by himself and said widow. Said Heil left a will, by which his widow was empowered to dispose of certain personal property, and invest so much of the proceeds as she might deem necessary in a house and lot, the title to be vested in her for and during her widowhood, remainder in fee to the appellees, in equal portions; and, in the event of her marriage, to be divided in the proportion of one-third to her for life, and remainder to the appellees in equal proportions.

The widow did not follow the directions of the will in making said investment, but on the 20th day of June, 1867, she bought the house and lot in controversy with said proceeds, and had the absolute title conveyed to herself. Not long thereafter the appellant married said widow. They lived together as husband and wife until her death, which occurred in 1883. All of this time the title to said house and lot was in Mrs. Heil, and she and the appellant, together with the children, lived in it. During said time the taxes on said property were paid by appellant, and the property was improved by him.

Within a year and a half after the appellees, the children by the first husband, came of age, they set up a formal claim to this property. The appellant being in possession of it, refused to surrender the possession. The appellees thereupon consulted a lawyer, who advised them that the appellant had no interest in said property, nor any right to compensation for any taxes that he might have paid on the property, nor compensation for any improvements that he might have put thereon. Notwithstanding this advice, the appellant and appellees, as is alleged, compromised their differences relative to said property rights by the appellees executing to the appellant a mortgage on said house and lot for the sum of eight hundred dollars, payable, without interest, when the appellees should sell said property, and the appellant to remain in the possession of the property, rent free, until said sum should be paid. About three years after said compromise the appellees sought, by this suit, to set it aside.

We think that it clearly appears from the evidence that the widow of Valentine Heil purchased said property with the proceeds of the personal property with which he authorized her to buy a house and lot. Indeed, there is no dispute as to this fact. We also think that it clearly appears that the appellant knew, in the life-time of his wife, that she only claimed a life estate in said property; for she told him that, at her death, the children would turn him out, and he could not hold the property as a home; hence, he had her to make a will, giving him a life estate in the property. But after her death he abandoned the

idea of trying to hold under the will, because his wife had no estate to will. It is clear that, at the time of the compromise, he was fully aware of the fact that he had no estate in said property. The appellant, during the life of his wife, lived on said property, and enjoyed the use of it as a home, rent free, in right of his wife's life estate.

It is settled by this court (see Johnson, &c., v. Stewart, &c., 8 Ky. Law Rep., 857) that a life tenant is entitled to no compensation for taxes or improvements against the remaindermen, because he enjoys the use of the property, its yield, &c., free of rent; therefore, he should pay the taxes and keep the property improved; and as the husband is entitled to the use and profits of the wife's life estate, the same rule as to rents and improvements should apply to him. Besides, the weight of evidence is, that the taxes were paid and improvements were paid for, or at least the principal part of them, with the earnings of the appellees.

From the record before us we regard it as certain that the appellant had not as much as a shadow of legal or equitable title to a life estate in said property, and his right to compensation for taxes and improvements were equally groundless. So the question arises, was there any consideration for the promise to pay said eight hundred dollars? According to the authorities, this question must be answered in the negative.

This court, in the case of Mitchell's Heirs v. Long, 5 Litt., 72, said: "To sanction the compromise, it is sufficient that there was an honest claim on his part, asserted without fraud, and that there was a real ground of dispute."

In Pitkin v. Noyes, 48 N. H., 294, it is said: "The surrender or discharge of a claim, which is utterly without foundation, and known to be so, is not a good consideration for a compromise; but it is otherwise if the claims are doubtful, and so understood by the parties; and, in such a case, the consideration will not be defeated by showing that, in fact, no valid claim really existed."

It seems that the inquiry is, whether the party, relying on the agreement, had reasonable and probable cause for believing that the question was doubtful, and that the right might ultimately prove to be with him. In other words, "it is sufficient that there was an honest claim on his part, asserted without fraud, and that there was a real ground of dispute." If the point is so clear that it can only be answered in one way, the compromise will be invalid as wanting a consideration to uphold it. The adequacy of the consideration can not be inquired into; but the want of any consideration whatever may be inquired into. The verdict of a jury, or the decision of a court, depends, in a greater or less degree, upon the human will as to what is right and equitable in a given state of case; but when the given state of case has received such judicial interpretation as to admit of no question, supposing that the judicial mind will continue to run in the same channel (and such supposition should always be indulged in), then there can arise, in a legal or equitable sense, no consideration for a compromise of such matter. It is only in reference to such matters as counsel, learned in the law, or courts might differ, although the right ultimately turns out to be wholly on one side,

that constitutes a valid consideration for compromising. such matters. The quantity of such consideration can- not be measured. Hence, its adequacy will not be in- quired into. There was no consideration whatever for· this compromise.

The fact that the appellant threatened a lawsuit, and the appellees dreaded a lawsuit, was not alone suffi- cient to uphold the agreement. It is not the mere- threat, or fear of a lawsuit, on a groundless pretense, that will constitute a consideration sufficient to uphold: an agreement. If it were so, a threat to go to law about the plainest matter, and the most undisputed right, would be sufficient ; but the threat, to be suffi- cient, must be founded upon some claim, as above indicated.

The judgment is affirmed.