MAX KLEIMAN, Appellant, *v.* HENRY KUPFER & COMPANY,
Respondent.

First Department, January 26, 1917.

**Evidence — action for breach of contract for sale of goods — defense that contract was made by defendant as agent — proof of agency.**

Where, in an action to recover damages for the breach of a contract of sale of goods which the defendant failed to deliver, it claimed that it made the contract as selling agent for another company, evidence that the letter written by the defendant to the plaintiff confirming the order of sale and the billhead upon which the order was made, and various other orders and letters which had passed between the parties, contained words in the left-hand corner thereof to the effect that the defendant was selling agent for another company, were irrelevant and properly excluded.

Oral testimony that the goods sold belonged to the other company did not tend to show that the plaintiff was contracting with said company and was, therefore, properly excluded.

The mere fact that the defendant's letter heads were notice that it was agent for the other company was no evidence that in the present case it was contracting in such capacity, especially since it did not take the usual precaution of signing its name to the order as agent.

APPEAL by the plaintiff, Max Kleiman, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 13th day of March, 1916, reversing a judgment of the Municipal Court of the City of New York, borough of Manhattan, second district, in plaintiff's favor, and directing a new trial.

*Michael Kaufman*, for the appellant.

*Leo G. Rosenblatt*, for the respondent.

PAGE, J.:

The action is brought to recover damages for breach of a contract of sale whereby it is alleged that the defendant sold to the plaintiff a quantity of velveteen for delivery on or before October 3, 1915, and which the defendant failed to deliver. The plaintiff showed that the price of the velveteen advanced greatly before the date of delivery and that after the defendant's default he tried to purchase it elsewhere and was unable

to do so. He also gave evidence showing that the market value of the velveteen in the latter part of October after the defendant's breach was between sixty-five cents and seventy cents a yard, whereas the contract price was thirty-six cents. The principal defense relied upon at the trial was that the defendant did not contract in its own name to deliver the velveteen, but made the agreement as selling agent for the Crompton Company, which fact was at all times known to the plaintiff. In support of this defense the evidence mainly relied upon was a letter written by the defendant to the plaintiff confirming the order which contained in the left-hand corner of the letterhead the words: "Selling agents for Crompton Company," and the billhead upon which the order was made which stated on its right-hand corner: "Sole agents Crompton Co., Crompton, R. I." The defendant attempted to show that various other orders and letters had passed between the parties, all containing the same recitals on the letterhead showing the defendant's agency for the Crompton Company. These were excluded. The defendant further attempted to show by oral testimony that the goods purchased were the property of the Crompton Company and were to be made at the Crompton Mills. This was also excluded and exception duly taken by the defendant.

The letter of September thirtieth confirming the order was signed by the defendant, Henry Kupfer & Company, and though it contains the words "Selling Agents for Crompton Company" printed at the top, there is nothing in the body of the order to show that the present contract was made by the defendant in such capacity. The appellant claims that it was error for the court to exclude evidence of the prior transactions had in the same manner, and also to exclude evidence of ownership of the goods. Though it would have been competent for the defendant to have shown by parol evidence that the contract was made with defendant as agent for the Crompton Company and that plaintiff knew of that fact and intended so to contract (*Anderson* v. *English*, 105 App. Div. 400), the evidence offered was not relevant upon that question. The mere fact that the defendant's letterhead was notice to the world that they had the pleasure of being sole agents for the

Crompton Company is no evidence that in the present instance they were contracting in such capacity, especially since they did not take the usual precaution even of signing their name to the order as agents. The introduction in evidence of a number of other letters and orders upon the same letterhead in other transactions would have added nothing to the proof, and would have been immaterial or at most cumulative. The further proof offered of the fact that the goods sold were known as Crompton goods and belonged to the Crompton Company would not show that the plaintiff was contracting with the Crompton Company. It was, therefore, properly excluded. I cannot agree with the learned Appellate Term that there is any documentary evidence in the record which establishes the fact that the contract was entered into by the defendant as an agent, nor was any other evidence of that fact offered.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court reinstated, with costs to the appellant in both courts.

CLARKE, P. J., McLAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Determination reversed and judgment of Municipal Court reinstated, with costs in both courts.