## Paducah Home Telephone and Telegraph Company v. Ellerbrook.

(Decided November 26, 1918.)

### Appeal from McCracken Circuit Court.

1. Contracts—Evidence—Submission to Jury.—Whether two papers executed at or about the same time were evidences of a single or two separate contracts, being in issue on both the pleadings and evidence, was properly submitted to the jury.

2. Contracts—Consideration—Compromise of Disputed Claim.—The compromise of a disputed claim is a good consideration for a promise unless the claim is utterly without foundation and was not asserted in good faith.

3. Contracts—Consideration—Mutuality.—A contract in settlement of an asserted claim for damages for personal injuries whereby the employer agrees to give permanent employment to the employe is not void for lack of mutuality where the employe does not obligate himself to work for the employer, because the employment is promised not in consideration of an obligation upon the part of the employe to perform labor in the future, but in

consideration of his foregoing his right to prosecute his claim for damages.

JOHN K. HENDRICK for appellant.

CLAY & REED for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee sued appellant for its breach of a contract to employ him as a groundman "so long as defendant had no fires, strikes or conflagrations arising beyond its control which would make it unnecessary for defendant to employ men in the capacity of groundmen," alleging that the contract was made in settlement of a claim for damages which he was asserting against it for personal injuries resulting from its negligence; that he was discharged without fault upon his part and when no fires, strikes or conflagrations had arisen; and that he had diligently sought, but was unable to procure other employment.

The answer denied that plaintiff's injuries resulted from its negligence, but admitted that he had asserted such a claim and that "to buy its peace" and to settle the asserted claim it paid him $50.00 and took from him a written release, bearing date of October 2, 1911, which is fully set out; and that thereafter, on October 6, 1911, it made the following written agreement with plaintiff:

"PADUCAH HOME TELEPHONE AND TELEGRAPH COMPANY.

Paducah, Ky., 10, 6, 1911.

"This credential will certify that the Paducah Home Telephone & Telegraph Company will employ F. Ellerbrook in the capacity of groundman as soon as he is sufficiently recovered from the injuries he received while in the employ of said company.

"The telephone company is acting in good faith in this matter, but reserves the right to cancel the contract provided any fires, strikes or conflagrations arise beyond our control which will make it unnecessary for the company to employ men in his capacity.

"(Signed)
"PADUCAH HOME TELEPHONE & TELEGRAPH CO.
"H. J. JEFFREY."

But that defendant was not bound thereby because plaintiff had not signed it or obligated himself in any

manner thereby; that it was without consideration and lacked mutuality; that Jeffrey was without power or authority to make it; and that plaintiff was discharged because of inefficiency.

In his reply plaintiff averred that the two writings set out in the answer were parts of the same contract and together stated the whole contract; that both were prepared by the defendant at or about the same time; that he was unable to read or write except to sign his name; that the defendant represented to him that the paper he signed was a receipt for the $50.00 and delivered to him, at or about the same time, the paper dated October 6th, as a part of the one contract; and the allegations that Jeffrey was without authority to make the contract and that plaintiff was inefficient were denied. The reply was traversed of record, and upon a trial plaintiff recovered a verdict and judgment for $1,500.00, from which the defendant is appealing.

The evidence showed without contradiction that Jeffrey was defendant's local and district manager, and had authority to make contracts of settlement and employment, and plaintiff testified that the one contract of settlement of his claim for damages for personal injury was as evidenced by the two papers dated October 2d and October 6th, and that the latter was delivered to him by Jeffrey upon his agreement to take the $50.00 and go ahead and work. Jeffrey, in explaining how the contract was entered into, said:

"Mr. Ellerbrook after his injury, I believe I went to his home and made the adjustment with him, I was to pay him $50.00 for a release, and in the meantime several of the men went around to see him while he was laid up and there was apparently a feeling of discontentment and unrest——

"Objection by attorney for plaintiff.

"Objection sustained by the court.

"Exception by attorney for defendant.

"Well, he asked me when I went to see him what about a job and I told him I felt we could employ him as heretofore and he said all right, would you object to giving me a writing to that effect, and I said no, and I, drew up that written agreement with Mr. Ellerbrook to give him his job back when he was able to go to work."

1. Counsel for appellant bases several complaints which we need not consider separately upon the assumption that there were two separate and distinct contracts entered into between the plaintiff and the defendant, one a contract of settlement of the claim asserted by the plaintiff against the defendant and evidenced by the paper bearing date of October 2, 1911, and the other a contract of employment evidenced by the paper dated October 6th, 1911; but it plainly appears from the above statements that this is but the contention of the defendant in its pleadings and evidence, while it was the contention of the plaintiff upon both his pleadings and evidence that the two papers were but evidence of a single contract. Which of these two contentions was true was submitted by the court in instruction No. 1, quite fairly, it seems to us, as follows:

"It is the undisputed evidence in this case that plaintiff signed the paper read to you in the evidence and dated October 2d, 1911, and that the defendant's agent, H. J. Jeffrey, signed the defendant's name to the paper read to you in the evidence and dated October 6th, 1911, and the court now instructs you that under the evidence in this case, defendant's agent, Jeffrey, had authority, as defendant's such agent, to make the settlement mentioned to you in the evidence with the plaintiff, and to receive and execute the papers so read to you in the evidence; and the court instructs you that if you shall believe from the evidence that after plaintiff had received an injury while in the employ, and while working for defendant as a groundman, and made claim against defendant for damages on account of said injuries, and that defendant, to settle and secure release from liability for said injuries, entered into a contract with plaintiff whereby defendant agreed to pay plaintiff $50.00 and to give him employment as a groundman, as stated in the writings read to you in the evidence, and dated October 6th, 1911, and shall further believe, from the evidence, that said two writings were executed by plaintiff and defendant as a contract between them then, under the terms of said written contract, defendant bound itself to furnish plaintiff employment as a groundman, as soon as he sufficiently recovered from his injuries, to begin work for defendant, and as long as defendant was engaged in the business it was then engaged in, and it needed or required the services of a groundman, except in case of

fires, strikes or conflagrations arising beyond its control, which made it unnecessary for the company to employ men in that capacity, and as long as plaintiff was able, willing and capable of performing said services under said contract; and the court now instructs you that if you shall believe, from the evidence, that plaintiff was able, willing and ready to perform the services he agreed to perform, and required of him under said contract, and the defendant discharged him from said services; then the law is for the plaintiff and you will so find; but unless you shall so believe, from the evidence, then the law is for the defendant, and you will so find.''

We are, therefore, unable to agree with counsel for defendant that in this instruction the court assumed as a fact that the two papers were but evidences of a single contract; nor do we find any merit in the further objection to this instruction that it is prejudicially erroneous in that it omits the words ''without cause,'' following the phrase nearing the close of the instruction, ''and the defendant discharged him from said service,'' as the instruction authorizes a finding for plaintiff if he was discharged when he was able, willing and ready to perform the services required of him, whatever the reason for his discharge.

2. Defendant also criticises this instruction because it does not submit the question of whether or not plaintiff's claim for damages for personal injuries was meritorious, but this question was not an issue in this case unless possibly defendant, under its plea of no consideration, would have had the right to prove, if it could, that the claim was not asserted in good faith and was so utterly without foundation as to amount to no more than a mere threat to sue. Creutz v. Heil, &c., 89 Ky. 429. But there was no such evidence offered, while, upon the other hand, it is clearly established that the settlement, whether evidenced by the first only or by both papers, was in compromise of a substantial claim, presented in good faith for injuries sustained by plaintiff while an employe of the defendant and in the discharge of his duties, and the mere fact that the injury resulted from plaintiff's coming in contact with the electric light company's wires does not even tend to prove, as counsel contends, that his claim against the defendant was utterly without foundation, or that it was fraudulently asserted;

hence there was no evidence upon which to submit in this action the question of the merit of plaintiff's claim as a consideration for the contract sued on.

3. It is also insisted by counsel for appellant that even if the two papers be considered as one contract, in as much as the defendant did not agree to work for the plaintiff, the contract, for lack of mutuality, was unenforcible, and for this contention he finds authority in Louisville & Nashville Railroad Company v. Offutt, 99 Ky. 427; but this court later held, in Louisville & Nashville R. R. Co. v. Cox, 145 Ky. 667, upon a careful consideration of the authorities upon this particular question, that such a contract as this in settlement of an asserted claim for damages for personal injuries was not void for lack of mutuality because the employe had not obligated himself to work for the employer; and this we are sure is the sound rule because the employment is promised, not in consideration of an obligation upon the part of the employe to perform labor in the future, but in consideration of his foregoing his right to prosecute the claim for damages.

Failing to find in the record any error prejudicial to the defendant's substantial rights, the judgment is affirmed.