MAX GOLDEN, Doing Business under the Trade Name of STAFFORD SPRINGS WORSTED COMPANY, Appellant, *v.* T. A. SHAW & Co., Respondent.

First Department, February 9, 1923.

Sales — action by buyer for breach of contract — contract stated that sale was for account of third person — contract was signed personally by defendant — prima facie defendant was liable — question of fact presented for jury.

In an action by a buyer to recover damages for the breach of a contract for the sale of goods, the defendant is *prima facie* liable, where it appears that the contract was signed by it personally and not as agent, though in the body of the contract there was a statement that the goods were sold for the account of a third person.

A question of fact was presented for the jury in view of the ambiguity of the contract and the evidence that the defendant had rendered invoices for a part of the goods shipped and had received payment therefor, and it was error for the court to dismiss the complaint upon the theory that it appeared upon the face of the contract that the defendant was acting as agent for a third person and that the contract was not that of the defendant.

APPEAL by the plaintiff, Max Golden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of New York on the 24th day of April, 1922, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*I. Gainsburg [Harold R. Medina* of counsel; *Leander I. Shelley* with him on the brief], for the appellant.

*Francis Colety [Ernest G. Stevens* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover damages for the breach of a written contract of sale, reading, in so far as material, as follows:

" T. A. SHAW & Co.
            " 89 Worth Street

" Main Office:
" 412–414 South Market St.
        " Chicago

                                        " Our No.
                                        6077

                                    " NEW YORK, *April* 16, 1919.
" Sold to Stafford Springs Worsted Co., 45 E. 17th St., N. Y. C.
" Sold for Account of Woolknit Mills, Eureka, California
" 1000 pieces Woolen Suitings.
*       *       *       *       *       *       *       *       *       *
            " (Written across face:)
" We have mills acceptance of 500 and have wired them today to make quantity 1000 pcs so on this additional 500 pcs we hope to have answer tomorrow.
                        " [Signed] T. A. SHAW & CO."

The plaintiff proved the making of the contract, the delivery of three pieces of the goods by the defendant, the rendition of invoices for the same by the defendant made out in its own name, payment of these invoices by the plaintiff's check drawn to the order of the defendant, demand for the balance of the goods, defendant's refusal to deliver, and the market value at the time and place of delivery.

The trial court dismissed the complaint upon the theory that it appeared upon the face of the contract that the defendant was acting as agent for the Woolknit Mills of Eureka, Cal., and that the contract was the contract of said mills and not the contract of the defendant, relying upon the recital in the order that the goods were " Sold for account of Woolknit Mills, Eureka, California." Said sentence, however, is not conclusive, even considering only the fact of the written contract. It is to be noted that the order form is the defendant's, giving a New York address and referring to a main office in Chicago. It may well be that the sentence

First Department, February, 1923.　　　[Vol. 204

referred to simply indicated to the plaintiff the source from which the goods were to come to the defendant, so as to indicate quality or type, whether from a mill owned by the defendant or procured by the defendant from a particular mill on its own account; or the words may have been used to indicate an account existing between the defendant and the mill, and the expression was inserted to earmark the contract as one made pursuant to such account for the guidance of the employees and records of the defendant. (*Steamship Bulgarian Co.* v. *Merchants' Despatch Transp. Co.*, 135 Mass. 421; *Gillaspie* v. *Wesson*, 7 Porter [Ala.], 454.) Whatever meaning may be given to these words, however, there is on the other hand the potent fact that the defendant did sign personally and not as agent. In this regard, all the authorities, whether in England or America, agree in holding that such a signing makes the signer *prima facie* the contracting party, unless it elsewhere appears in the body of the instrument that such liability is not to attach. (*Kleiman* v. *Kupfer & Co.*, 176 App. Div. 253; *Brandt & Co.* v. *Morris & Co., Ltd.*, 2 K. B. [1917] 784.) In addition to the inherent ambiguity appearing upon the face of the contract, when there is considered the practical construction of the contract as shown by the acts of the parties (*Sattler* v. *Hallock*, 160 N. Y. 291), particularly the billing of the goods delivered directly by the defendant and the acceptance by the defendant of payment by check to its order, a question of fact is presented which should have been submitted to the jury under proper instructions. (*Lamb* v. *Norcross Brothers Co.*, 208 N. Y. 427, 431; *Trustees of East Hampton* v. *Vail*, 151 id. 463.)

A reading of the whole argument and discussion between court and counsel at the end of the case does not show that the decision was placed by the court upon any waiver of rights by the plaintiff.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.