### MIAMI PAPER CO. v. AMERICAN WOOD-PULP CORPORATION (two cases).

(Circuit Court of Appeals, Sixth Circuit. April 9, 1925.)

Nos. 4145, 4146.

1. **Appeal and error ⊂⊃4—Appeal only method of reviewing decree in equity.**

Appeal is the proper remedy to secure reversal of a decree in equity, even though the case made by the bill is one at law.

2. **Equity ⊂⊃388—Failure to prove grounds for equitable relief held to warrant dismissal of bill.**

Where the sole equitable relief sought by a bill in equity was reformation of a contract, with a money recovery purely as incidental thereto, failure to establish ground for the reformation warranted dismissal of the bill.

3. **Appeal and error ⊂⊃4, 5—Judgment dismissing cross-petition reviewable by appeal.**

Where the only controversy in an action at law was on a cross-petition setting up an equitable cause of action, a judgment dismissing the cross-petition is properly reviewable by appeal and not by writ of error; but, under Judicial Code, § 274b (Comp. St. § 1251b), the cross-petition may be treated by the appellate court as a counterclaim and the judgment reviewed on error.

4. **Appeal and error ⊂⊃850(2)—Weight of evidence not reviewable in action tried to court.**

In an action at law tried to the court by stipulation, on the weight of the evidence the finding of the court is not reviewable; it suffices that there was evidence to sustain the finding.

Appeal from and Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by the Miami Paper Company against the American Woodpulp Corporation. Decree for defendant, and complainant appeals. Affirmed.

Action at law by the American Woodpulp Corporation against the Miami Paper Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. B. Turner, of Dayton, Ohio (E. H. & W. B. Turner, of Dayton, Ohio, on the brief), for Miami Paper Corporation.

Alfred Bettman, of Cincinnati, Ohio (Moulinier, Bettman & Hunt, of Cincinnati Ohio, and Tanzer & Lane, of New York City, on the brief), for American Woodpulp Corporation.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The records in these two cases, argued together and growing out of one controversy, present a situation which, due to the ingenuity and zeal of counsel, appears to be more complicated than it in fact is.

The case on appeal is appellant's suit in equity, begun in and removed from the state court, in which a decree of dismissal was entered. The case on error is defendant in error's action at law, begun in the District Court, in which a judgment for the plaintiff was entered and an equitable cross-petition dismissed.

The two proceedings were heard together; the cross-petition was identical with the original bill.

The Miami Paper Company sought to reform a contract on the ground of fraudulent misrepresentations so as to make it clearly a contract between it and American Woodpulp Corporation; it sought, further, to reform it in other respects and thereupon to rescind it and to recover moneys paid thereunder for goods purchased on the ground that they did not conform to warranty or sample.

The document in question is headed:

"American Woodpulp Corporation,
"347 Madison Avenue, New York.
"Contract for Woodpulp.

"(Adopted by the Association of American Woodpulp Importers.)

"New York, September 2, 1920.
"The Miami Paper Co., West Carrollton, Ohio.
"We have this day sold to you for account of Sundsvalls Cellulosa Aktiebolag."
It is signed:
"Accepted:
"The Miami Paper Co.,
"W. W. Sunderland, Pres.,
"By W. W. Winship.
"American Woodpulp Corporation,
"Jas. Rosenberg, Pres."

Among the terms of the contracts were these:

"Mode and Place of Delivery: Prompt shipment from Sweden to Philadelphia or Baltimore at seller's option.

"Terms of Payment: Net cash thirty days from date of invoice.

"If the draft drawn by Sundsvall Cellulosa Aktiebolag on the American Woodpulp Corporation at 60 days from date of shipment from Sweden falls due before 30 days from date of invoice to be rendered by American Woodpulp Corporation, buyer is to pay the amount of invoice in time to have check reach American Woodpulp Corporation at New York on due date of the draft."

American Woodpulp Corporation sued on a New York judgment against Miami Paper Company growing out of entirely different transactions.

Neither in the decree in the equity case nor in the combined judgment and decree in the law case are the grounds of dismissal of the bill and cross-petition recited. In the opinion made applicable to both cases, the court stated that on all of the issues in both cases the American Company must succeed. In the law case the court found on the issues arising out of the plaintiff's case in favor of the plaintiff for the amount of the New York judgment, with interest, reciting that a jury had been waived by the parties; and on the issues arising out of the defendant's cross-petition the court found the issues for the plaintiff, the American Company. Appended to these findings was the statement, recited to have been made at the request of the defendant, that the court makes no finding on any issue as to whether the woodpulp delivered to defendant by the Swedish Company conformed to the contract between the defendant and the Swedish Company, as any such issue was irrelevant to the issues between plaintiff and defendants. It is apparent from this statement and from the opinion of the court that the ground of the dismissal of the bill and of the cross-petition was the determination by the court that the contract made by the Miami Company was with the Swedish Company and not with the American Company.

In this court, the Miami Company abandoned any claim that the contract should be reformed; it now takes the position that reformation is unnecessary and that on the face of the document it is at least prima facie a contract between it and the American Company. Thereupon the American Corporation moves to dismiss the appeal on the ground that but for the abandoned claim of reformation, the bill stated at best a cause of action at law and not in equity.

[1] 1. Motion to dismiss the appeal must be denied. Appeal is the proper remedy to secure a reversal of a decree dismissing a bill in equity. As it now appears, however, that there is no ground to reverse the decree because of its failure to direct a reformation of the contract, we do not feel called upon on this appeal to consider the merits of the controversy between the parties as to whether or not the contract without reformation was the contract of the Swedish Company or of the American Company as vendor; that controversy would have been determinable in an action at law and not in a suit in equity.

[2] As a bill in equity seeking as the sole equitable relief reformation, with a money recovery purely as incidental thereto, in view of plaintiff's failure to establish a basis for reformation, the bill was properly dismissed, and the decree must therefore be affirmed.

[3] 2. As to the case on error, the only controversy was as to the cross-petition in equity; plaintiff was concededly entitled to judgment in the District Court on the New York judgment. The review desired is as to so much of the final action of the trial court as dismisses the cross-petition. While the reformation sought thereby, as by the original bill, is abandoned in this court and the cross-petition treated as a legal counterclaim, nevertheless the proper method of review was by appeal and not by writ of error; the cross-petition sought equitable relief and the final action of the trial court was a dismissal thereof as a cross-petition in equity. As a cross-petition seeking primarily the equitable relief of reformation, it was properly dismissed for failure to establish any ground for reformation.

In the light, however, of Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232, of the provisions of the Judicial Code, § 274B (Comp. St. § 1251b), of plaintiff in error's abandonment of a claim to reform and its insistence upon its right of recovery at law against defendant in error as vendor under the contract as written, we proceed to a consideration of the case on error as if the cross-petition had been framed, as it might by reformation of the pleadings be framed, to present by counterclaim the issues properly determinable at law. The combined record contains a document denominated both a bill of exceptions and a certificate of evidence in both cases.

[4] In this aspect of the case, however, the action of the trial court in dismissing the cross-petition on the merits must likewise be affirmed, as the record presents no question for our review.

The case at law was tried under a waiver of a jury and a submission to the trial judge. His findings are conclusive, unless indeed it could be contended that as a matter of law defendant in error is necessarily the vendor under this contract.

It is clear, however, from the decision in Golden v. Shaw & Co., 204 App. Div. 404, 198 N. Y. S. 155, upon which the plaintiff in error places most reliance, that at the best the American Company is only prima facie the vendor and that its prima facie liability is subject to rebuttal.

In the Golden Case, in which, as in this case, the contract was entered into for the account of some one else, the issue as to whether or not the person for whose account it was entered into or the person who entered into it for the account of the other was to be deemed the principal was, under the ruling of the Appellate Division reversing the trial judge, submitted to a jury. In the instant case evidence pro and con was submitted to the trial judge. Dealing with it as a controversy at law and not in equity, we are not empowered to review the weight of that evidence. It suffices that there was evidence to sustain the conclusion reached by the trial judge that the American Woodpulp Corporation was an agent and not a principal. The most striking evidence thereof was the practice of the parties. With knowledge that the American Woodpulp Corporation was the exclusive American agent of the Swedish Company, the Miami Company had made other contracts with it on the same printed form; in some the American Company purported to act as agent; in others, as principal; in the latter class, however the word "ourselves," instead of as here the name of the Swedish Company, was inserted in the blank space after the printed form words "for account of."

The judgment in the law case must therefore be affirmed.