## ROARK v. FORDSON COAL CO.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1926.)

No. 4384.

**1. Appeal and error ⬤══849(2)—Statute held to require court to hear equitable branch of case, though not before it on appeal.**

Where case before Circuit Court of Appeals on writ of error was tried on equitable defenses alone, and heard by court without a jury pursuant to a stipulation, *held*, under Act Sept. 6, 1916, § 4 (Comp. St. § 1649a), that court should hear equitable branch of case on merits, even though it was not before it on appeal.

**2. Deeds ⬤══211(3)—Evidence held insufficient to show fraudulent procurement of deed, warranting cancellation.**

Evidence *held* insufficient to show that grantor did not understand deed, and hence no ground was shown warranting its cancellation as fraudulently procured.

**3. Deeds ⬤══17(1)—Relinquishment of claims to land in dispute held sufficient consideration for compromise deed.**

Relinquishment of claims to land in dispute, which might have been asserted in good faith, *held* sufficient consideration for compromise deed.

**4. Compromise and settlement ⬤══6(4)—Relinquishment of claim known to be utterly without foundation will not support compromise agreement.**

Generally fraud in procurement of compromise agreement will be inferred from facts showing claims relinquished were utterly without foundation, and known to be so, though relinquishment of doubtful claim, so understood by parties, is sufficient to support compromise, though no valid claim in fact existed.

**5. Appeal and error ⬤══850(1)—Law side of case held not reviewable for want of findings of fact or request therefor.**

Law side of case *held* not reviewable, in absence of findings of fact or request therefor, further than to ascertain whether pleadings supported judgment.

In Error to the District Court of the United States, for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit to quiet title by the Fordson Coal Company against John Colts Roark and others. Judgment for plaintiff, and the named defendant brings error. Affirmed.

Martin T. Kelly, of Pineville, Ky., for plaintiff in error.

W. R. Middleton, of Detroit, Mich. (Cleon K. Calvert, of Pineville, Ky., and Clifford B. Longley, of Detroit, Mich., on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The Fordson Coal Company brought this suit against John C. Roark and others to quiet its title to five tracts of land described in the petition. Roark filed answer, in which he denied plaintiff's claim of title to any part of a tract of land described in the answer (partially overlapping that described in the petition), asserting ownership thereof under a claim of adverse possession. By cross-petition he alleged that the land in dispute was included within the boundaries of a deed he and his wife had executed to plaintiff's vendors, R. C. Ford and D. B. Logan, on January 12, 1916, which he alleged was procured through fraud, and he prayed that it be set aside, canceled, and held for naught. The other defendants also filed answers, but the issues between Roark and plaintiff were tried separately, and this proceeding in error involves only that branch of the case.

[1] Notwithstanding the statements in brief that the case was tried on the equitable defense alone, under Oil Co. v. National Bank, 260 U. S. 235, 43 S. Ct. 118, 69 L. Ed. 232, it appears that a stipulation was entered into by which the action was heard and determined by the court without a jury. The case is here on writ of error, which was filed and allowed on September 18, 1924, at which time the Act of September 6, 1916 (39 Stat. 727, Comp. Stat. § 1649a), was in effect, under which it is the duty of the court to hear the equitable branch of the case on its merits, even though it is not before the court on appeal. Paper Co. v. Wood Pulp Corporation, 5 F.(2d) 408 (6 C. C. A.); Twist v. Gas Co., 6 F. (2d) 347 (C. C. A.).

[2] Defendant is the owner of the Josiah Asher patent for 50 acres issued February 5, 1863. On December 6, 1889, Asher conveyed to Roark the land covered by that patent and other lands adjacent thereto, extending two of the calls of the patent in his deed 100 poles. This description embraced approximately 200 acres, and defendant is claiming that part not included in the Asher patent—and perhaps some outside the boundary of the deed—by adverse possession. Plaintiff claims through Logan and Ford, who held under patents. No question was made below as to the right of Roark to the boundary of the Asher patent. It appears, however, that he had inclosed six small tracts contiguous to that patent, but wholly within the grants owned by the vendors of plaintiff. On January 12, 1916, he entered into an agreement with Ford and Logan by which they conveyed to him these tracts in con-

sideration of his surrendering his claim to the rest of the land included in the patents held by them. This is the instrument that is said to have been procured by fraud.

Defendant says he did not understand that he was surrendering any land that he claimed under the Josiah Asher deed, but only such land as he claimed outside the boundaries of that instrument; that he was uneducated, and did not know what the agreement with Ford and Logan contained, although he said, "I suppose some one explained the deed to me, but I don't remember anything about it." Deputy Clerk Collett, called as a witness by defendant, testified that he took Roark's acknowledgment to the deed at his home, no one but his family being present, read the deed to him at that time, and explained it as best he (witness) could; that "it was understood between us at that time that it was a deed of compromise between Mr. Roark and Mr. Logan and Ford. There was a disagreement in the property, the land, the way I understood them talking, and this deed was drawn for a compromise. I don't know about a marked boundary. It was understood that he (Roark) wasn't conveying any patent. I explained it to him that it didn't take his patent land. I don't remember seeing the patent that he claimed under; I told him I heard it was a patent made or granted to Josiah Asher, the Josiah Asher patent, that he wasn't conveying away."

It was further shown by this witness that, a few days after the deed was acknowledged, defendant called for and accepted a lease (of same date as the deed) to a small plot of cleared land which lay outside the Asher patent, but within the boundary of the Asher deed, and also within the boundaries claimed by Logan and Ford. This land was leased to Asher by Logan and Ford. The deed itself shows, just as the witness Collett testified, that no part of the Asher patent was conveyed. It recognized Roark's ownership of that patent and conveyed to him six tracts contiguous to it which Roark had theretofore cleared and inclosed. Besides, he was given a lease for a nominal sum on another tract outside the patent, but within the description of the Asher deed, and also within the grants to Logan and Ford. The deed speaks of the Asher 50-acre patent. Although defendant was illiterate, it is not conceivable that he did not understand, when the deed was read to him, what rights he was acquiring thereunder, as well as what claims he was surrendering. The evidence in our opinion shows that it was not executed under any misapprehension of what it purported to convey.

[3, 4] But it is said that, even though Roark knew the purport of the deed, it should nevertheless be annulled, because there was no consideration for its execution, inasmuch as the claims surrendered by Ford and Logan were without foundation, and known by them to be so at the time. Reliance is placed on Creutz v. Heil, 89 Ky. 429, 12 S. W. 926, and other decisions of the Court of Appeals, in which it is held that a compromise effected upon the discharge of a claim which is utterly without foundation, and known to be so, has no supporting consideration. Generally speaking this is true, as fraud will be inferred from the procurement of a compromise under such circumstances. But it is likewise true that if the claim is doubtful, and so understood by the parties, the consideration will not be defeated by a showing that in fact no valid claim existed. Ford and Logan undoubtedly held grants to the land in dispute. Defendant had no record evidence of title to it. Whether his possession had been such as to toll the title into himself is not shown in the record. In any event, there were conflicting claims that could be asserted in good faith, and Ford and Logan surrendered their claim to certain lands in consideration of defendant's surrendering his to others. There was obviously a supporting consideration on each side.

[5] It is further contended that the court adjudged plaintiff some land not embraced in the deed to Ford and Logan, and the judgment to that extent should be reversed, even though it be held that the deed was not fraudulently obtained. As we have pointed out, this suit was brought at law, and there were several law defenses interposed, it being stipulated that the case should be heard and determined by the court without a jury. The record does not show that the case was not heard on all the claims and defenses made in the pleadings. The law side of the case is not, therefore, open to review in this court, because there were no findings of fact or requests therefor, and under Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, we can look alone to the pleadings to find whether the judgment is authorized.

They support the judgment, which is affirmed.