THOMAS N. PACKS, Appellant, *v.* WILLIAM A. GREENLEE, Sued Herein as WALTER A. GREENLEE, and JOHN HENRY LEWIS, Respondents.

First Department, December 1, 1939.

*Kermit F. Kip* of counsel [*John O'Connor*, attorney], for the appellant.

*Sol Strauss*, for the respondents.

DORE, J. It was error to dismiss the first cause of action. The check specified in the bill of particulars only prevented plaintiff from proving that payment of the alleged loan was made in any other form. Plaintiff may, nevertheless, establish at the trial that the money was, in fact, advanced by him and the check used merely for convenience.

In the second cause of action plaintiff, suing in his own name, claims the right to recover against defendants for breach of the written contract specified in the bill of particulars and no other. Plaintiff, however, is not a party to that agreement. He does not allege an assignment or that the other party to the contract executed it as agent for him, or authorized him to sue thereon. There is nothing in the contract relied on to indicate that it was made for his benefit, and he may not by his proof contradict the terms of the agreement on which he relies to hold the defendants liable. Under the facts here presented the bill of particulars specifying the contract sued upon should be considered on a motion for judgment on the pleadings. (*Richardson* v. *Gregory*, 219 App. Div. 211, 212; affd., 245 N. Y. 540; *Dineen* v. *May*, 149 App. Div. 469; *Porter* v. *L. V. R. R. Co.*, 194 id. 139; *Wilson & Co., Inc.*, v. *Hartford Fire Ins. Co.*, 190 id. 506; affd., 229 N. Y. 612; *Wells* v. *Merrill*, 204 App. Div. 696.) So considered, plaintiff has not set forth a cause of action for breach of contract against the defendants. The Special Term, however, should not have dismissed and entered judgment for defendants without giving plaintiff an opportunity to replead. Other writings annexed to the bill of particulars seem to indicate that defendants, in fact, dealt with plaintiff as the *entrepreneur* of the enterprise.

The judgment should be reversed and the two orders appealed from modified by denying defendants' respective motions to dismiss as to the first cause of action, and granting said motions as to the second cause of action, and, as so modified, affirmed, without costs; with leave, however, to the plaintiff to serve an amended complaint within ten days from service of the order to be entered hereon with notice of entry thereof.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment unanimously reversed and the two orders appealed from modified by denying defendants' respective motions to dismiss as to the first cause of action, and granting said motions as to the second cause of action, and, as so modified, affirmed, without costs; with leave, however, to the plaintiff to serve an amended complaint within ten days after service of order.