JOSEPH MAUCIERI, Appellant, v. EDNA WARE, Respondent.— Action to recover damages for personal injuries suffered as a consequence of a fall upon ice on the sidewalk in front of the driveway of defendant's property. Order of the County Court of Westchester County, reversing a judgment of the City Court of New Rochelle and dismissing the complaint, reversed on the law and the facts, the judgment entered thereon in the City Court vacated, and the original judgment of the City Court of New Rochelle for the plaintiff, unanimously affirmed, with costs in this court and in the County Court. The evidence adequately established as a fact that the icy formation upon which plaintiff fell was due to an artificial discharge of water on the sidewalk from the driveway of the defendant, which driveway changed the natural contour of the land and caused surface waters to concentrate and discharge upon one portion of the sidewalk. No similar discharge occurred upon the sidewalk immediately abutting the balance of the property. (*Feinblum v. City of New York*, 252 App. Div. 330; affd., 277 N. Y. 708; *Venable v. Consolidated Dry Goods Co.*, 225 App. Div. 202; affd., 251 N. Y. 585.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

JAMES H. OTTLEY, Respondent, v. C. WILLARD YOUNG, JR., Appellant.— In an action for specific performance of a contract for the sale of corporate stock by one of two sole stockholders to the other, upon the withdrawal of the former from the business, judgment in favor of the plaintiff, in so far as appealed from, unanimously affirmed, with costs. We construe the relevant provisions of article " Second " of the agreement of January 8, 1932, to mean that the net earnings of the corporation should be determined in accordance with approved accounting methods. It cannot reasonably be implied from article " Sixth " of the agreement, or from any other provision thereof, that any accounting system adopted by the board of directors should be conclusive upon the parties in determining the net earnings for the purpose of sale. We agree with the referee that the adoption of a certain system by the directors did not amount to a practical construction of the agreement upon the question at issue in this case. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANNA ROTUNNA, Appellant.— Judgment of the County Court of Kings County, convicting defendant of the crime of abortion, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.