FRANK E. FORSBREY, Respondent, v. PULP & PAPER TRADING COMPANY, Defendant, and J. & J. ROGERS COMPANY, Appellant.— Order denying motion of appellant for judgment on the pleadings in favor of the defendant and against the plaintiff, reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. In an action to recover a balance of commissions alleged to be due for sales under a contract not to be performed within one year from the making thereof, the only written contract of employment shown by the pleadings is one made by appellant's sales agent, which agent did not have authority to bind appellant upon such a contract. Upon this motion the bill of particulars must be read in conjunction with the complaint. (Personal Property Law, § 31; *Kleiman* v. *Kupfer & Co.*, 176 App. Div. 253, 254–255; *Sturtevant Co.* v. *Fireproof Film Co.*, 216 N. Y. 199, 204; *May Metropolitan Corp.* v. *May Oil Burner Corp.*, 290 N. Y. 260, 266; *Packs* v. *Greenlee*, 258 App. Div. 137, 138.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

BERNARD GERLA, Appellant, v. BANKERS TRUST COMPANY, Individually and as Substituted Trustee under the Will of ALBERT S. ROSENBAUM, Deceased, Respondent.— Plaintiff, a real estate broker, sued to recover a brokerage commission for the alleged negotiation of a lease. Judgment, dismissing the amended complaint on the merits at the close of plaintiff's case, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnson, Adel and Sneed, JJ. [See *post*, p. 785.]

SALVATORE F. GIANNOTTA, Appellant, v. LUCY GIANNOTTA, Defendant.— In an action for annulment of marriage, order disaffirming the report of an official referee, and dismissing plaintiff's complaint, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

MINNIE GOODCUFF, Appellant, v. LILLIAN KAHN, Respondent.— Action to recover damages for personal injuries suffered by plaintiff as a consequence of slipping on a patch of ice formed by the freezing of water on a sidewalk in front of a driveway on the defendant's property in the village of Port Chester. Judgment dismissing the complaint at the close of defendant's proof unanimously affirmed, with costs. There was no proof of actionable negligence. (*Scales* v. *Village of Nyack*, 265 App. Div. 880, affd. 290 N. Y. 689; *Stapleton* v. *Church of Pilgrims in City of Brooklyn*, 242 App. Div. 710.) The case of *Maucieri* v. *Ware* (263 App. Div. 721) is not to the contrary. The proof in that case was of a radically different character from the proof here adduced. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.