Sandford, J.
, (withthe concurrence of the chief justice and Paine, J.,) said, the rule applicable to actions for the recovery of money, real property, or the possession of personal property, which were formerly strictly legal, and in which it is sufficient to state the facts constituting the cause of action, substantially, as they were formerly stated in a declaration, could not be always applied to actions where specific relief of a different kind is demanded. Thus, where the object is to obtain an injunction, together with other relief, it will often be indispensable to set forth in the complaint, facts which need not be stated in respect of the other relief, and as much at large as was formerly done in a well-drawn bill in chancery. This necessity will be the greater, if the plaintiff seek a perpetual injunction.
*696 Again, costs in all cases of this class, are in the discretion of the court, (Code, § 304 to 306;) and unless the facts hearing upon the decision of that question, are stated in the complaint, so as to be answered and admitted, or put in issue, evidence to prove them will not be admissible at the trial. “ The fads constituting the ca/use of action,” spoken of in the code, (§ 142,) are therefore not merely the facts upon which the plaintiff’s right to aslc relief is founded, but those words include all such facts as are necessary to found the particular relief demanded, and to enable the court to give the proper judgment in the action. The evidence in support of such facts, is of course an entirely distinct thing.
Applying this construction of the code to the complaint in this case, the principal portion of the matter excepted to, must be allowed to stand. The residue, as designated on the copy furnished, will be stricken out. There is no good reason why the irrelevant part of an entire statement complained of as being redundant, should not be stricken out, although, as to the residue, the motion fail. Order accordingly.