## LIBERTY OIL COMPANY *v.* CONDON NATIONAL BANK ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 98.   Argued November 15, 16, 1922.—Decided November 27, 1922.

1. Where a defendant, sued at law in the District Court for money had and received, avers by answer and cross-petition that it is a stakeholder of the money in question, offers to pay it into court,

and prays that the other claimants be made parties, that the issue be litigated between them and the plaintiff, and that the defendant be discharged from liability, the proceeding becomes an equitable one, an interpleader, under Jud. Code, § 274b, as amended by Act of March 3, 1915, c. 90, 38 Stat. 956. P. 240.

2. While it is not so expressly required, either by Equity Rule 22 or by statute, there is authority, by implication from Jud. Code, § 274b, *supra,* and § 274a, to transfer a case thus begun at law and converted to equity, to the equity side of the court; and such, it seems, is the better practice. P. 241.

3. But failure to order such transfer does not deprive the suit of its equitable character. P. 242.

4. Where an equitable defense is interposed in an action at law, the equitable issue should first be disposed of; and, if an issue at law remains, it is triable to a jury. P. 242.

5. This preserves the right of jury trial guaranteed by the Seventh Amendment, being in conformity with the practice of the courts of law and chancery in England at the time of the adoption of the Constitution in the light of which the Amendment should be construed. P. 243.

6. Sections 274b and 274a of the Judicial Code, although not creating one form of civil action, are calculated to permit changes from law to equity and *vice versa,* with the least possible delay or formality. P. 243.

7. Where an action at law is thus converted into an interpleader, it is to be treated thenceforth, by trial and appellate courts, as a proceeding in equity; the issue between the claimants need not, under the Seventh Amendment, be submitted to a jury, but may be tried by the court; and the judgment is reviewable as in equity and not as at law. P. 244.

8. Under Jud. Code, § 269, as amended February 26, 1919, c. 48, 40 Stat. 1181, appellate courts are to give judgment after examination of the record without regard to technical errors, defects, or exceptions, not affecting substantial rights. P. 245.

9. Under Jud. Code, § 274b, *supra,* whether review is sought by writ of error or appeal, the appellate court has full power to render such judgment upon the record as law and justice require. P. 245.

10. Where certiorari was issued to the Circuit Court of Appeals to settle an important question of practice, *held,* that this Court though it had the power, would not also decide the merits but would remand the case for that purpose to the court below. P. 245.

271 Fed. 928, reversed.

This suit was begun as an action at law in the District Court of Kansas by the Liberty Oil Company, a corporation organized under the laws of Virginia, and a citizen of that State, against the Condon National Bank, a corporation organized under the banking laws of the United States and resident and doing business in Kansas. Plaintiff by its petition averred that it had made a contract with the Atlas Petroleum Company of Oklahoma, C. M. Ball, Isadore Litman, P. G. Keith and J. H. Keith, residents of Kansas, by which it agreed to purchase and they agreed to sell 160 acres more or less of oil lands in Butler County, Kansas, for $1,150,000. By the contract, the purchaser was required to deposit $100,000 with the Liberty National Bank simultaneously with a deposit of the contract, and this sum, together with the assignments, transfers and conveyances under the contract, was to be held by the bank and by it to be delivered in accordance with the conditions of the contract. The main conditions, and the only ones here material, were that the vendors should furnish an abstract of the title to the property contracted to be sold showing a good and marketable title in them, that the vendee should have seven days in which to examine the abstract, and that if its examination should show a good and marketable title, the vendee should pay the bank $1,050,000, the remainder of the purchase money, and the bank should deliver the deeds of assignments and transfers to the vendee and the vendor should deliver possession of the land. If the examination showed a good and marketable title and the vendee should refuse to pay the money then due from it, the $100,000 was to be delivered to the vendors as liquidated damages and the contract was to become null and void. In the event that the examination should disclose that the title was not good and marketable, the vendee was to notify the vendors and they were to have thirty days in which to perfect the title and should they neglect in that time to do so, the $100,000 on

deposit was to be returned to the vendee and the contract was to become null and void.

The petition averred that the money and the contract were deposited in the defendant bank, that the abstract of title was submitted, that an examination of the abstract submitted showed that the title of the vendors was not good and marketable, in that in the chain of title the vendors claimed under the deed of an assignee for the benefit of creditors filed in a Colorado court and taking effect by the laws of that State but never authorized or confirmed by a court of competent jurisdiction under the laws of Kansas as required by the law of the latter State, that this defect was not remedied by the vendors within the time required by the contract, and on July 11, 1918, the plaintiff duly notified the defendant bank of this and demanded payment of the money deposited, that the defendant refused and appropriated the sum to its own use to the damage of the plaintiff in the sum of $100,000 and interest at six per cent. from the date of the demand and refusal.

The defendant bank answered admitting all the facts averred in the petition except those as to the character of the title shown by the abstract, and alleged that the vendors in the contract of sale had also demanded that the deposit of $100,000 be paid to them on the ground that the vendee had refused without right to accept a good and marketable title to the land sold, that the defendant bank had no interest in the deposit and offered to pay the sum into court or to such person as the court should order. The defendant asked that the vendors be made parties and required to set up their claim to the deposit, that the court make proper order as to the disposition of the money, and that the defendant upon compliance with the order be discharged from all liability in connection therewith. The court granted the prayer of the answer and " ordered, adjudged and decreed " that vendors be made

parties, and set up their claim within twenty days. The vendors waived summons and filed an answer and cross petition in which they averred that the petition of the plaintiff did not state a cause of action, and denied as much of the petition as averred that there were defects in the abstract of title which prevented it from being good and marketable. By the cross petition they asked for the payment of the $100,000 deposit and also a judgment for $1,050,000 as the purchase price for the land, title to which they had tendered, and for general relief. This cross petition the plaintiff answered making the same issue as that in the petition and answer. A jury was waived in writing. A bill of exceptions was taken embodying all the evidence, which was signed by the judge, and the same evidence was included in a transcript also certified to by the judge.

The District Court on the evidence found generally for the vendors, and from its opinion it appeared that it found the title good and marketable, and that upon plaintiff's refusal to accept the same the vendors became entitled to the $100,000 as liquidated damages. Accordingly it was " considered, ordered and adjudged " that the vendors, interveners, recover $10,750.00 as interest on the $100,000 from June 30, 1918, that the Condon Bank, defendant, be discharged from further liability, and that the interveners have judgment for the $100,000 then in the registry of the court. There is nothing in the record to show that the defendant bank was dismissed until this final judgment, although, under some authority not made a matter of record, it had turned the money into the registry of the court.

An appeal was taken to the Circuit Court of Appeals and a supersedeas bond given. The Circuit Court of Appeals held that the action was a suit at law, that under § 4 of the Act of September 6, 1916, c. 448, 39 Stat. 727, to amend the Judicial Code, it had the power and it was

its duty to consider the appeal taken as a writ of error, and that as the bill of exceptions showed no special findings of fact in a cause in which a jury had been waived but only a general finding for the interveners, it was not within the power of the court in a law case to consider the sufficiency of the evidence to sustain the finding. It therefore affirmed the judgment of the District Court. A certiorari brings the case here for consideration.

Mr. F. W. Lehmann, with whom Mr. Harry E. Karr and Mr. Charles G. Yankey were on the brief, for petitioner.

Mr. John J. Jones, with whom Mr. J. H. Keith and Mr. Hugo T. Wedell were on the brief, for respondents.

Mr. Chief Justice Taft, after stating the case, delivered the opinion of the Court.

We differ with the Circuit Court of Appeals in its holding that, as brought in review before it, this cause was an action at law. We think the cause was then equitable and the proper review was by appeal. The case began as an action at law for money had and received. When the defendant bank claimed to be only a stakeholder of the deposit, disclaimed interest therein and offered to pay it into court, and asked that the other claimants of the fund be made parties, its answer and cross petition became an equitable defense and a prayer for affirmative equitable relief in the nature of a bill for interpleader. Section 274b of the Judicial Code as amended by Act of March 3, 1915, c. 90, 38 Stat. 956, provides:

"That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable

relief respecting the subject matter of the suit may thus be obtained by answer, or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

This section applies to the case before us. The proceeding was changed by defendant's answer and cross petition from one at law to one in equity, with all the consequences flowing therefrom. The better practice would perhaps have been, on the defendant's filing its answer and cross petition, to order the cause transferred to the equity side of the court. Under Equity Rule No. 22, a suit in equity which should have been brought at law must be transferred to the law side of the court. There is no corresponding provision in rule or statute which expressly directs this to be done when the action begun at law should have been by a bill on the equity side, but we think the power of the trial court to order a transfer in a case like this is implied from the broad language of § 274b, above quoted, by which the defendant who files an equitable defense is to be given the same rights as if he had set them up in a bill in equity, and from § 274a of the Judicial Code, quoted below, in which the court is directed, when a suit at law should have been brought in equity, to order amendments to the pleadings necessary to conform them to the proper practice. *Webb v. Southern Ry. Co.,* 235 Fed. 578, 593, 594. We are aware that a different conclusion has been reached by the Circuit Court of Appeals of the Fourth Circuit in *Waldo v. Wilson,* 231 Fed. 654, but for the reasons stated and after a full examination of that case, we think the conclusion of that court upon this point was too narrow.

45646°—23——16

Nor, by the failure to order the transfer in this case, did the suit lose the equitable character it had taken on by the answer and cross petition of the defendant. The situation thus produced was quite like that under state civil codes of procedure in which there is but one form of civil action, the formal distinction between proceedings in law and equity is abolished and remedies at law and in equity are available to the parties in the same court and the same cause. Neither legal nor equitable remedies are abolished under such codes. " What was an action at law before the code, is still an action founded on legal principles; and what was a bill in equity before the code, is still a civil action founded on principles of equity." Sutherland on Code Pleading, Practice and Forms, § 87— *DeWitt* v. *Hays*, 2 Cal. 463; *Smith* v. *Rowe*, 4 Cal. 6; *Howard* v. *Tiffany*, 3 Sandf. 695.

Section 274b is an important step toward a consolidation of the federal courts of law and equity and the questions presented in this union are to be solved much as they have been under the state codes. *United States* v. *Richardson*, 223 Fed. 1010, 1013. The most important limitation upon a federal union of the two kinds of remedies in one form of action is the requirement of the Constitution in the Seventh Amendment that " In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then if an issue at law remains, it is triable to a jury. *Massie* v. *Stradford*, 17 Oh. St. 596; *Dodsworth* v. *Hopple*, 33 Oh. St. 16, 18; *Taylor* v. *Standard Brick Co.*, 66 Oh. St. 360, 366; Sutherland, Code Pl. and Pr. § 1157. The equitable defense makes the issue

equitable and it is to be tried to the judge as a chancellor. The right of trial by jury is preserved exactly as it was at common law. The same order is preserved as under the system of separate courts. If a defendant at law had an equitable defense, he resorted to a bill in equity to enjoin the suit at law until he could make his equitable defense effective by a hearing before the chancellor. The hearing on that bill was before the chancellor and not before a jury, and if the prayer of the bill was granted, the injunction against the suit at law was made perpetual and no jury trial ensued. If the injunction was denied, the suit at law proceeded to verdict and judgment. This was the practice in the Courts of Law and Chancery in England when our Constitution and the Seventh Amendment were adopted, and it is in the light of such practice that the Seventh Amendment is to be construed.

Congress, we think, was looking toward such a union of law and equity actions in the enactment of § 274b, quoted above, and of § 274a, which, referring to courts of the United States, provides:

" That in case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form."

To be sure, these sections do not create one form of civil action as do the codes of procedure in the States, but they

manifest a purpose on the part of Congress to change from a suit at law to one in equity and the reverse with as little delay and as little insistence on form as possible, and are long steps toward code practice.

Coming now to apply those two sections thus construed to the case before us, we find that by defendant's answer and the court's order it became a bill of interpleader in equity. Thereafter the proceedings should have been so treated, both in the trial and appellate courts. The chancellor having sustained a bill of interpleader, disposed of the controversy between the claimants by directing any method of trial which would best and expeditiously accomplish justice in the particular case. *State Insurance Co.* v. *Gennett,* 2 Tenn. Ch. 100, 101; *Rowe* v. *Hoagland's Administrators,* 7 N. J. Eq. 131; *Condict's Executors* v. *King,* 13 N. J. Eq. 375, 383; *City Bank* v. *Bangs,* 2 Paige, Ch. R. 570, 573; *Gibson* v. *Goldthwaite,* 7 Ala. 281, 290; *Angell* v. *Hadden,* 16 Vesey, 202; *Kirtland* v. *Moore,* 40 N. J. Eq. 106, 108; 2 Daniel's Ch. Practice, (6th Amer. ed.) 1568, 1569. This well established rule takes the issue here to be tried out of that class of issues in which there must have been a jury trial under the Seventh Amendment. Where it was one which the chancellor could readily dispose of in one proceeding, it was in the interest of economy, expedition and justice that he should do so. This is in accord with the general rule in equity embodied in Equity Rule 23 that jurisdiction once assumed should be maintained to end the litigation. *Greene* v. *Louisville & Interurban R. R. Co.,* 244 U. S. 499, 520; *McGowan* v. *Parish,* 237 U. S. 285, 296; *Camp* v. *Boyd,* 229 U. S. 530, 551, 552.

It was, therefore, error by the Circuit Court of Appeals to proceed as if it were reviewing a judgment in a suit at law upon a bill of exceptions. It is true that the record contained a bill of exceptions, but there was also a transcript of the same evidence certified as required

in appeals in equity. The plaintiff below was evidently not certain of the proper practice and prepared for either writ of error or appeal. Under § 269 of the Judicial Code, as amended by the Act of February 26, 1919, c. 48, 40 Stat. 1181, appellate courts are enjoined to give judgment after an examination of the record without regard to technical errors, defects or exceptions which do not affect the substantial rights of the parties; and under § 274b, whether the review is sought by writ of error or appeal, the appellate court is given full power to render such judgment upon the record as law and justice shall require. It follows that the court should have considered the issue of law and fact upon which the decree of the District Court depended, that is, whether there was a good and marketable title.

On this review by certiorari, we could consider and decide the issue which the Circuit Court of Appeals erroneously refused to consider. On such an issue alone, however, we would not have granted the writ, because except for the important question of practice the case was not of sufficient public interest to justify it. We think it better, therefore, to reverse the judgment of the Circuit Court of Appeals and to remand the case to that court for consideration and decision of the issues of fact and law in this case as on an appeal in equity.

*Reversed.*