## WOODBURY et al. v. ANDREW JERGENS CO.

(District Court, S. D. New York. September 22, 1926.)

1. Action ⊙⟶36—Trial ⊙⟶11(2)—Equitable defense interposed by answer converts suit at law to one in equity, and requires transfer to equity side of court (Judicial Code, § 274b [Comp. St. § 1251b]).

Interposition of equitable defense by answer in an action at law, as permitted by Judicial Code, § 274b (Comp. St. § 1251b), converts the suit from one at law to one in equity, and requires transfer of the cause to the equity side of the court.

2. Equity ⊙⟶208—Rules of equity pleading govern, after transfer of cause to equity side of court, and no reply to replication is required.

After conversion of an action at law to a suit in equity, by interposition of an equitable defense by answer, pleadings are governed by the statute and rules in equity, and, though, if affirmative relief is prayed for in the answer, a replication is required by Judicial Code, § 274b (Comp. St. § 1251b), neither statute nor rules contemplate a reply to a replication.

At Law. Action by John H. Woodbury and another against the Andrew Jergens Company. Defendant's motion to transfer the cause to the equity side of the court granted, and plaintiffs' motion to require defendant to answer the separate defense alleged in their reply to defendant's counterclaim denied.

Aron Steuer, of New York City, for plaintiff.

Keyes Winter and John C. Pemberton, both of New York City, for defendant.

THACHER, District Judge. On defendant's motion to transfer the cause to the equity side of the court, and plaintiff's motion to require the defendant to answer the separate defense alleged in its reply to defendant's counterclaim.

[1, 2] The equitable defenses interposed by the answer convert this proceeding from one at law to one in equity, "with all the consequences flowing therefrom." The equitable issues, therefore, are to be first disposed of "as in a court of equity," and the proper practice is to order the cause trans-

ferred to the equity side of the court. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. Section 274b of the Judicial Code (Comp. St. § 1251b) provides that where, in an action at law, equitable defenses are pleaded and affirmative relief in equity is prayed, the plaintiff shall file a replication. The interposition of the equitable defense, not the formal transfer to the equity side of the court, converts the proceeding to one in equity, and thereafter the pleadings are governed by the Judicial Code and the equity rules.

Neither the statute nor the rules contemplate a reply to a replication. By interrogatories the plaintiff may force the admission or denial of facts alleged in support of the defense of res adjudicata interposed in its reply, and when that has been done may, perhaps, be in a position, either by motion to dismiss or for a separate hearing of the issues raised by this defense, to dispose of the equitable issues before the trial of the case presented by the counterclaim.

The result is that the defendant's motion for an order transferring the cause to the equity side of the court must be granted, and the plaintiff's motion for an order requiring the defendant to serve a verified answer to the separate defense contained in the plaintiff's reply must be denied.