## SCHNAUBERT et ux. v. TIPPETT.*

Circuit Court of Appeals, Fifth Circuit.
November 23, 1928.

No. 5341.

*Rehearing denied January 12, 1929.

BRYAN, Circuit Judge. This suit involves the title to seven sections, or 4,480 acres, of land. It was originally brought by appellants, Schnaubert and wife, as an action at law in trespass to try title; the petition alleging that W. E. Rowe was the common source of title. Appellee answered that Schnaubert conveyed the interest, which he acquired from Rowe, to Joseph Joiner, and that appellee acquired title from Joiner by purchasing and asserting Rowe's superior rights under Joiner's vendor's lien notes, and by cross-bill prayed that the claim of appellants be removed as a cloud upon his title. To this answer appellants replied that the deed to Joiner was void in its entirety, because he had perpetrated a fraud upon Rowe in recording it, and was void as to 200 acres particularly described, which were claimed as a homestead, on the ground that Mrs. Schnaubert had not joined in her husband's deed, and prayed that the deed to Joiner be canceled, and that they be permitted to redeem by paying off the vendor's lien notes retained by Rowe in his deed to Schnaubert. In this state of the pleadings, the court transferred the case to the equity docket. In the course of the trial a jury was impaneled, but at the close of all the evidence were instructed to return a verdict for defendant, and the court proceeded in its final decree to reject the claim of ownership of appellants, and to remove it as cloud upon appellee's title.

On September 22, 1915, Rowe conveyed the land to Schnaubert in consideration of $1,000 in cash and 12 vendor's lien notes, of $1,000 each, maturing one each year for 12 years. The land was fenced and used by Schnaubert as a pasture for cattle. Schnaubert and his family lived in Rankin, a town several miles away, where he had a home that was paid for, but while school was in vacation, in the summer of 1916, he and his family lived upon the tract of land here involved. Schnaubert was unable to pay the first note that fell due. He appealed to Rowe to take the land back in satisfaction of his notes, and on December 11, 1916, Rowe agreed to do that. At a meeting held on that day, at which Rowe, Schnaubert, and Joiner were present, Schnaubert executed a deed to Joiner, the recited consideration for which was 10 vendor's lien notes, of $1,000 each, running from Joiner to Rowe, and certain land in Erath county. Joiner executed to Rowe a deed to the Erath county land. Schnaubert testified that the sale and exchange was not to be binding unless Rowe should become satisfied with the value of

E. F. Cameron and Fred C. Knollenberg, both of El Paso, Tex. (John B. Howard, of El Paso, Tex., on the brief), for appellants.

Charles O. Harris, L. B. Harris, and M. E. Sedberry, all of San Angelo, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

the Erath county land. Joiner immediately went into possession of the land conveyed by Schnaubert, and recorded his deed in February of 1917.

Rowe filed his deed from Joiner for record on December 13, 1916, but withdrew it before it was recorded, and therefore it does not appear what land was described therein; however, in December of 1918 Rowe conveyed lands in Erath county, which the evidence shows had belonged to Joiner. There is no evidence that Rowe ever questioned the binding effect of the transaction which resulted from the exchange of deeds. On the contrary, a year thereafter he released Schnaubert from personal liability upon the latter's purchase-money notes, wrote to Joiner recognizing the Schnaubert deed as valid, calling his attention to the fact that the first note was about due, and early in 1918 assigned Joiner's notes to appellee. Rowe died in 1919. Schnaubert, on the next day after he executed his deed, wrote a letter to Joiner, in which he stated that he inclosed all receipts and lease contracts on one of the sections and a map of the pasture, and more than two years later wrote to Joiner in regard to leasing the land from him. Schnaubert became a bankrupt on his voluntary petition in 1918, and in his bankruptcy schedules he claimed his home in Rankin as his homestead, and did not claim any interest in any of the seven sections of land in controversy in this suit. Appellee Tippett brought suit against Rowe, and recovered from him possession of the land in 1918, by asserting superior title under the vendor's lien notes, which he held by assignment from Rowe. Since the judgment in that suit, appellee has been in peaceable and exclusive possession of the land, paying taxes on it, and exercising dominion over it. Schnaubert gave up possession immediately after executing his deed in 1916, and never afterwards claimed any title or interest until shortly before this suit was brought in 1927, after the land was being prospected for oil, and a number of oil leases of parts of it had been made.

■■ Several assignments of error are leveled at the court's direction of a verdict for appellee. Although the suit was originally one at law, its nature was changed by the answer and replication, both of which prayed for relief that only a court of equity could give. It was discretionary with the trial court to summon a jury to aid it upon the facts, but it was equally within the court's discretion to discharge the jury and decide the facts for itself. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. Clearly, the court did not err in rejecting the claim of homestead.

■ Appellants lived upon the land only during one summer. It is not likely that they would have abandoned the home in Rankin, where they lived, and which was paid for, to establish a homestead upon land which was so heavily involved in debt. The court was justified in accepting as the truth Schnaubert's claim to his home in the town of Rankin as his homestead, made in his schedules in bankruptcy.

■ There was no fraud shown in the exchange of the deeds. Schnaubert received what he contracted for in being released on his notes, and never afterwards questioned the sale until it became probable that oil would be discovered on the land. Rowe's entire conduct until his death is consistent only with the inference that he had not been defrauded by Joiner. The effect of what occurred was that Rowe took the land back from Schnaubert and sold it to Joiner. The title passed by deed directly from Schnaubert to Joiner as a mere matter of convenience.

■■ Since there was no fraud in the sale, it necessarily follows that appellants have no right to redeem, even assuming, after the lapse of so long a time, that they ought to be heard in a court of equity. That appellee, who succeeded by assignment to Rowe's rights, was entitled to have his title quieted as against the claim of appellants, appears to us to be established by the evidence. His title was not shown to be tainted with fraud, and before the suit was brought he had been in peaceable and adverse possession for more than five years. As the claim of homestead to 200 acres of the land was not sustained, it follows that Schnaubert's deed was sufficient to convey all of the land. Article 5509, Revised Civil Statutes of Texas of 1925, which bars such a suit as this within five years, would seem to be applicable and sufficient to defeat this suit. Appellants, having parted with whatever interest they ever had in the land in consideration of being released of liability upon the purchase-money notes, have no right now to redeem by paying off those notes.

The decree is affirmed.