### RAPIDES CLUB v. AMERICAN UNION INS. CO. OF NEW YORK.

District Court, W. D. Louisiana, Alexandria Division. March 6, 1929.

No. 1743.

J. B. Nachman and Lamar Polk, both of Alexandria, La., for plaintiff.

Hawthorn & Stafford, of Alexandria, La., for defendant.

DAWKINS, District Judge. This is a suit to reform an insurance policy upon certain furniture and fixtures of the plaintiff, so as to disclose the existence of a chattel mortgage in favor of a third person, and to thereby avoid a forfeiture of the right to recover for loss of the property by fire.

The action was filed in the state court, and removed to this court because of diverse citizenship, where it was docketed as a case at law. A motion to dismiss has been filed, the defendant alleging multifariousness, in that a suit in equity is combined with one at law; the contention being that the claim for reformation falls in the former class, whereas, if and when reformed, the proceeding for recovery thereon would become an action at law. In the alternative, defendant asks that plaintiff be required to reform its pleadings, so as to separate the two causes of action, in brief and oral argument contending that it should be required to file two separate suits. At the same time plaintiff moved that the case be transferred to the equity side of the court. Upon an examination of the petition, I am of the opinion that it is primarily a proceeding to reform the insurance policy, and which, admittedly, is a condition precedent to any right to recover thereon. The petition is drawn in the usual form under the state practice, in which there is no separation of proceedings in equity from those at law, but in all cases the court has power to decide and determine upon the whole cause and without the intervention of a jury. Since the enactment of sections 274a and 274b of the Judicial Code (28 USCA §§ 397, 398), and the revision of the Equity Rules of the Supreme Court (28 USCA § 723), the procedure in a federal court has been brought as nearly to the same condition as that referred to in the state as was possible under the Seventh Amendment to the national Constitution requiring a trial of issues of fact in an action at law to a jury. See Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232, and authorities therein cited. Once jurisdiction is properly assumed in equity, the

court has power to dispose of the case in its entirety (260 U. S. 244, 43 S. Ct. 121), and it may call to its assistance a jury to determine the issues of fact.

As to the alternative prayer for a recasting of the pleadings, I do not conceive that it is necessary for plaintiff to prosecute two separate causes of action, but that the form of pleading adopted is proper and avoids a multiplicity of suits. I am also of the opinion that the facts are sufficiently specific and separated to enable the court to first hear and determine the question of reformation, and thereafter, if necessary, the parties may be permitted to amend, and the remaining questions be submitted to the court and a jury, if deemed proper.

For the reasons assigned, the motion to dismiss will be overruled, and the cause transferred to the equity side of the court. Decree may be presented.