STAMEY et al. v. UNITED STATES
(two cases).

District Court, W. D. Washington, N. D.
December 11, 1929.

Nos. 12202, 12217.

Schwellenbach, Merrick & Macfarlane, of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Atty., Tom De Wolfe, Asst. U. S. Atty., and Lester Pope, Sp. Counsel, U. S. Veterans' Bureau, all of Seattle, Wash.

NETERER, District Judge. Actions by beneficiaries for specific sums on a war risk insurance policy, alleging necessary facts of total and permanent disability while in service, and death, etc. Defendant answers each complaint, admitting and denying, and

by affirmative defense stating that $4,000 was converted into ordinary life policy and lapsed for default in premium payments, and lapse for $6,000 of the policy, reinstatement on representations of physical and mental fitness, and lapse of reinstated policy. Replication is made to each answer that at the time of conversion the insured and the defendant's officers, etc., were in error and ignorant of total and permanent disability at discharge, and by mutual mistake attempted to convert $4,000 of such policy, which act was without effect in law or equity. Reply is challenged, "no jurisdiction in the court for relief as no equitable defense appears in the answer."

Section 398, USCA, title 28: "In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. * * * Equitable relief respecting the subject matter * * * may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. * * * "

"The practice, pleadings, * * * in civil causes, * * * in the district courts, shall conform, * * * to the practice, pleadings, * * * in the courts of record of the State. * * * " Title 28, § 724, USCA.

The pleadings in the state, aside from motions and demurrers, are: Complaint of plaintiff, answer by defendant, and reply of plaintiff. Pierce's Code (Washington) §§ 271, 279, 383.

The defendant by the affirmative defense in each case admits averments of plaintiff, but alleges new facts to obviate and repel their legal effect. The clear intent of the Congress was to obviate circuity of action, and that a tendered issue shall be determined in the one action. The issue in the instant case is liability upon a war risk insurance contract. If the defendant by answer alleges new matter in bar, the plaintiff must have the like privilege to challenge the new matter by equitable defense thereto to determine the issue of liability upon the insurance contract without changing the nature of the action, to save to the plaintiff the right of a trial by jury given by the Seventh Amendment. Unless the equitable defenses may be asserted, the plaintiffs will be required to move a stay of proceedings in the instant cases and institute independent actions in equity to determine the equitable claims, or amend their complaints, praying equitable relief conform-

ing the pleading by pertinent allegations, and have the causes transferred to the equity side of the court, and, upon the court of equity assuming jurisdiction, under Equity Rule 23 (28 USCA § 723), it will maintain them to the end of the litigation, and the plaintiffs be denied the right of trial by jury.

Taft, Chief Justice, in Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, at page 242, 43 S. Ct. 118, 121, 67 L. Ed. 232, said: "Section 274b [Jud. Code, 28 USCA § 398] is an important step toward a consolidation of the federal courts of law and equity, and the questions presented in this union are to be solved much as they have been under the state Codes"—and cites United States v. Richardson (C. C. A.) 223 F. 1010, 1013, where the court says: " * * * Congress, by act of March 3, 1915 [28 USCA § 398], has expressly authorized the interposition of equitable defenses in actions at law, and substantially abolished all technical distinctions between proceedings at law and in equity."

Chief Justice Taft, in Liberty Oil Co. v. Condon Nat. Bank, supra, further says:

"The most important limitation upon a federal union of the two kinds of remedies in one form of action is the requirement of the Constitution in the Seventh Amendment that: 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.'

"Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then, if an issue at law remains, it is triable to a jury."

Section 398, supra, expressly provides: "In case affirmative relief is prayed in such answer * * * the plaintiff shall file a replication * * * " and that "in all actions at law equitable defenses may be interposed by answer, plea, or replication. * * * "

I approve what Judge Learned Hand, in Keatley v. United States Trust Co. (C. C. A.) 249 F. 296, 299, said in dissenting: "So far as we may look to the purpose of the section I cannot think there is any doubt. Congress can hardly be thought to have any predilection for plaintiffs' suits in equity rather than defendants', and we must leave a capricious exception in practice, if we do not include a case like this. * * * The purpose seems to me perfectly plain, and we ought, I think, to try to effect it if we can."

The Court of Appeals of the First Circuit, in Plews v. Burrage, 274 F. 887, cited with approval Judge Hand's dissenting opinion, and held that the plaintiff may plead an equitable defense to new matter in the answer by reply to a legal defense. See, also, Whitney Co. v. Johnson, 14 F.(2d) 24 (C. C. A. 9th Circuit), opinion by Judge Rudkin.

Judge Dietrich, in United States v. Buzard, for the court, in (C. C. A.) 33 F.(2d) 883, 886, made use of this obitur dicta: "Possibly section 274b of the Judicial Code (28 USCA § 398) affords an adequate remedy, provided, of course, the plaintiff by his answer pleads in substance the facts necessary for an independent bill. See Whitney v. Johnson (C. C. A.) 14 F.(2d) 24, and Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232."

The intent of section 398, supra, obviously was to dispose of the issue, legal or equitable, in one case in the interest of economy, expedition, and justice.

■ It cannot be said that Keatley v. United States Trust Co., 247 U. S. 511, 38 S. Ct. 579, 62 L. Ed. 1242, granting certiorari, and dismissal on motion of petitioner, 254 U. S. 658, 41 S. Ct. 5, 65 L. Ed. 461, is an expression of the Supreme Court of its views upon the issue. The granting or refusal of a petition for writ adds or withholds no sanction to the decision. Justice Pitney in Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U. S. 251, at page 258, 36 S. Ct. 269, 271, 60 L. Ed. 629, said: "It is, of course, sufficiently evident that the refusal of an application for this extraordinary writ is in no case equivalent to an affirmance of the decree that is sought to be reviewed * * *"—and also said: "As has been many times declared, this is a jurisdiction to be exercised sparingly, and only in cases of peculiar gravity and general importance, or in order to secure uniformity of decision."

And in United States v. Carver, 260 U. S. 482, at page 490, 43 S. Ct. 181, 182, 67 L. Ed. 361, Justice Holmes said: "The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times."

Chief Justice Taft, in Magnum Import Co. v. Coty, 262 U. S. 159, at page 163, 43 S. Ct. 531, 532, 67 L. Ed. 922, said: "The jurisdiction to bring up cases by certiorari from the Circuit Courts of Appeals was given for two purposes, first to secure uniformity of decision between those courts in the nine circuits, and second, to bring up cases involving questions of importance which it is in the public interest to have decided by this court of last resort. The jurisdiction was not conferred upon this court merely to give the defeated party in the Circuit Court of Appeals another hearing. Our experience shows that 80 per cent. of those who petition for certiorari do not appreciate these necessary limitations upon our issue of the writ."

Rule 38 of the Revised Rules of the Supreme Court, 275 U. S. 622, par. 5, at page 624 (28 USCA § 354), says a review on writ of certiorari is not a matter of right, but of sound judicial discretion, and will be granted only where there are specially important reasons therefor, such as, where a state court has decided a federal question not determined by the Supreme Court, or probably not in accord with the decisions of that court, or where there is a conflict of decision on the same matter in the Courts of Appeals of the different circuits, or the Circuit Court has decided an important question of local law probably in conflict with legal decisions or the weight of authority, or a question of law which should be settled by the Supreme Court, or a federal question in conflict with applicable decisions of the Supreme Court, or departed from the usual course of judicial proceeding as to call for the exercise of the supervisory power.

The report of the Senate Judiciary Committee, recommending the passage of the Act of February 13, 1925 (43 Stat. 936), said: "The central thought is this, that litigants have, first, a trial in the district court, and then by appeal or writ of error, a trial in the Circuit Court of Appeals—a court that ranks as high or higher than the supreme tribunals of the states. It is our belief that here ordinary litigation should end, and that the cases should not go to the Supreme Court of the United States unless the questions involved are of grave public concern, or unless serious uncertainty attends the decision of the Circuit Court of Appeals by reason of conflict in the rulings in these courts or the courts of the states."

It is thus seen that "certiorari denied" does not imply any affirmance or expression of the Supreme Court as to the correctness of the decision.[1]

Upon reason and the authorities, supra, the demurrer is overruled in each case.

---

[1] An interesting article on purpose of certiorari by James Craig Peacock of the D. C. bar, appears in the November, 1929, American Bar Association Journal, p. 681.