### ELLIS v. MESIROV.

No. 13542.

District Court, E. D. Pennsylvania.

March 15, 1930.

Charles S. Thompson and Yale L. Schekter, both of Philadelphia, Pa., for plaintiff.

Paul C. Hamlin and Owen J. Roberts, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.

The plaintiff sued in assumpsit to recover the sum of $100,000 paid to the defendant on account of the purchase price of certain real estate in Atlantic City, N. J., which the plaintiff agreed to purchase and the defendant agreed to sell and convey under the terms of a written contract by the terms of which the title to the real estate was to be such as would be insured by a certain title company.

It is set out in the plaintiff's statement of claim that the title company declined to insure the title to a part of the real estate to be conveyed because of alleged outstanding titles in the state of New Jersey and in the city of Atlantic City. The plaintiff thereupon refused to accept the deed proffered by the defendant, and brought this suit.

In the affidavit of defense, it is averred that that portion of the real estate as to which it is contended that the defendant's title failed was small, inconsiderable, and insignificant in comparison with the whole tract which was to be sold and conveyed to the plaintiff; that it did not affect the value or reasonable enjoyment of the principal tract for the purposes for which it was intended, and was not essential thereto; that the loss of it would not materially detract from the value of the remainder; and that, under the conveyance tendered by the defendant, the plaintiff would have received substantially all that he contracted to purchase.

It is contended by the defendant that an issue has been raised by the pleadings which entitles him, under section 274b of the Judicial Code, contained in the Act of March 3, 1915 (28 USCA § 398), to have the cause transferred to the equity side of the court, to the end that the equitable defense of substantial performance may be disposed of as in a court of equity.

The provisions of section 274b (28 USCA § 398) are not in conflict with the Conformity Act of June 1, 1872, chapter 255, § 5, 17 Stat. 197 [28 USCA § 724]), for it expressly excepts equity and admiralty causes in the District Courts from those causes which, it is directed in the act, shall conform to the practice, pleadings, and forms and modes of proceeding existing in like causes in the state courts.

In Liberty Oil Co. v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 121, 67 L. Ed. 232, Chief Justice Taft, in considering section 274b, said:

"Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then, if an issue at law remains, it is triable to a jury. * * * The equitable defense makes the issue equitable, and it is to be tried to the judge as a chancellor. The right of trial by jury is preserved exactly as it was at common law. The same order is preserved as under the system of separate courts."

The attorney for the plaintiff contends that the defendant, by the provisions of the contract in suit, has precluded himself from a resort to equity jurisdiction, and cites the following clause of the contract:

"It is further understood and agreed that if the vendee shall fail to make settlement for said property on or before March 1, 1927, the entire sum of One hundred thousand dollars ($100,000) which he shall have paid on account of the purchase price shall be retained by the vendor as his liquidated damages for the breach of this agreement, in lieu of all legal and equitable remedy against the vendee."

But the defendant is not suing for specific performance or for damages; he is merely defending his alleged right to retain the money or so much thereof as he may be entitled at law or in equity to retain, upon the ground of substantial performance.

Where the averment of substantial performance goes to the failure to perform as to part of the land itself and not to the failure to perform as to title to the whole tract, the equitable defense is available, but the plaintiff is not debarred from obtaining such compensation as the law may allow for fail-

ure of entire and specific performance. Van Blarcom v. Hopkins, 63 N. J. Eq. 466, 52 A. 147; Scheinman v. Bloch, 97 N. J. Law, 404, 117 A. 389; Gillespie Tool Co. v. Wilson, 123 Pa. 19, 16 A. 36; Sanders v. Brock, 230 Pa. 609, 79 A. 772, 35 L. R. A. (N. S.) 532.

Rule absolute.