## KOSOLAPOV v. RUSSO–ASIATIC BANK.

No. 3379.

District Court, E. D. New York.

March 16, 1931.

Borris M. Komar, of New York City (D. L. Sprung, of New York City, of counsel), for plaintiff.

Evarts, Choate, Sherman & Leon, of New York City (Maurice Leon, of New York City, of counsel), for defendant.

BYERS, District Judge.

This action was called for trial on the common-law calendar of this court on March 5, 1931. The case was once tried before Judge Galston of this court, with the result that a verdict by the jury for the plaintiff for upwards of $10,000 was set aside by the court, both counsel having joined in a motion to that end.

The complaint embraces three alleged causes of action, the first and the second of which were asserted by the above-named James A. Tillman in his own behalf, and the third by him as assignee of Kosolapov, and the assignment has since been abrogated, and the latter individual now sues in his own behalf.

As to him, the complaint alleges in substance that, on or about February 12, 1919, in the city of Vladivostok, Russia (Russian Siberia?), he entered into an agreement in writing, whereby the defendant sold to him $100,000 in United States currency at 9.85 rubles per dollar, to be delivered on demand by the defendant at its office in the said city, on or before May 12, 1919, after the plaintiff should have been paid in full therefor; and that he agreed and undertook to purchase from the defendant the said $100,000 and to accept the same on or before May 12, 1919, at the said place, and to pay 100,000 Russian rubles on account, and thereafter in installments the balance of said purchase price, on or before May 12, 1919; that, between the two dates, he paid in all 985,000 rubles, being the full amount of the purchase price of the said $100,000, and duly demanded the delivery of the latter, which was refused.

That the said $100,000 in United States currency could not be purchased in market by the plaintiff at the said place at any time prior to and including May 12, 1919; that at the times mentioned in the complaint the law of Russia was and now is that no presumption of payment arises and no action need be commenced within ten years after the cause of action accrues; and that the plaintiff has been

damaged in the sum of $100,000 with interest from May 12, 1919.

The complaint was verified on June 3, 1927, which may be deemed the date as of which the action was brought.

It is the foregoing alleged cause of action which is alone involved in the instant controversy.

The answer was verified February 7, 1928, and contains a separate and distinct defense to the plaintiff's alleged cause, that he has been guilty of laches in failing to enforce his alleged claim within a reasonable time; that defense includes the allegations contained in paragraphs 7, 8, and 9, which are pleaded as part of a prior separate defense, and which allege in substance that the defendant is a banking corporation originally organized under the law of Russia prior to the year 1917, and that its office in Vladivostok was a branch operating under the direction of the Far East Head Office at Shanghai; that, following the seizure and nationalization of banks in Russia by the Russian Soviet Government, defendant operated outside of Soviet Russia, particularly in the Far East, under the management of the said Far East Head Office at Shanghai; that, in the year 1922, defendant's branch at Vladivostok was forcibly seized by the forces of the Russian Soviet Government, and has been in their control ever since.

That, in the month of December, 1917, the Russian Soviet Government, being in full control of what is known as Soviet Russia, forcibly seized the Head Office and all branch offices of the defendant in that territory, and forcibly excluded the officers, directors, agents, and employees, and placed in control thereof persons appointed by the said Russian Soviet Government, who are now in control; that it would not be in furtherance of justice to apply to the alleged transaction constituting the plaintiff's alleged cause of action the ten-year statute of limitations formerly in force in the courts of Russia, because the latter were forcibly suppressed in or about December, 1917, by the Russian Soviet Government; that, ever since, said statute of limitations has not been applied by any court in Soviet Russia and Russian Siberia, of all of which facts the plaintiff has had notice. That the Soviet Government enacted a three-year statute of limitations, which period had elapsed prior to the institution of this action.

Counsel agreed on the call of this case that the plea of laches is equitable in nature and should be disposed of by the court, sitting as a chancellor, in accordance with the practice sanctioned by the Supreme Court in Liberty Oil Company v. Bank, 260 U. S. 235, at page 242, et seq., 43 S. Ct. 118, 67 L. Ed. 232.

Accordingly, the cause proceeded to a hearing upon the equitable plea of laches, on the consent of both counsel; the plea to be disposed of separately and prior to the calling of the case for trial as an action at law before a Jury.

On that understanding, the court agreed to dispose of the separate defense as an equitable issue and testimony was taken and the hearing concluded.

The defendant offered two receipts which, for present purposes, may be said to recite the payment by the plaintiff to the defendant of 100,000 rubles on February 12, 1919, and 500,000 rubles on February 27, 1919; also certain affidavits in connection with these exhibits, concerning the form and translation thereof; the receipts being in the Russian language. Those affidavits were followed by the testimony of a witness called for the purpose of elucidating questions of translation. There was then offered and received in evidence, pursuant to a stipulation of the parties, the affidavit of one Issacovitch, verified October 31, 1928, in Harbin, China. That deponent was a director of the defendant, and his affidavit recites his recollection of the dealings between the plaintiff and the defendant, and also the conditions existing in Vladivostok during the time involved in the transaction at bar.

An American witness was sworn, Mr. Koelsch, who was the resident superintendent in Vladivostok of the National City Bank of New York from the middle of January, 1919, until April, 1920, and whose testimony had to do with the conditions existing in that City at that time, and certain banking practices then current in transactions such as that alleged by the plaintiff. His testimony was followed by the introduction, under the stipulation previously referred to, of a deposition of one Yavdynsky, formerly Accredited Barrister of Law to the Court of Appeals in Petrograd, who was in the service of the defendant in the capacity of local adviser in Shanghai, and whose deposition is illuminating on the question of nationalization as accomplished by the Soviet Government, and the effect of such decree, and the enactment of the Soviet statute of limitations hereinbefore referred to.

At the close of the hearing, it was stipulated that the United States Government has not recognized the Soviet Government, and that the Certificate of the Department of State of

the United States to that effect contains the following statement:

"Consequently the acts and decrees of the Soviet authorities are not regarded by the Department of State as those of a recognized government."

No evidence was offered by the plaintiff having to do with the facts involved in this controversy.

Upon the foregoing record, the court is urged to enter a decree in favor of the defendant under its plea of laches, upon the theory that equity will interfere where the interests of justice so require, independently of any limitation prescribed for the guidance of courts of law.

Such a rule is declared in Abraham v. Ordway, 158 U. S. 416, 15 S. Ct. 894, 39 L. Ed. 1036. In that and other opinions having to do with the same subject, it is pointed out that whether equity will interfere must depend upon the special circumstances of each case. It becomes necessary, therefore, to examine the reasons advanced by the defendant in behalf of its plea, and to determine whether the rule invoked should here be applied.

It must be clear that the mere lapse of time, unaccompanied by any change in position undergone by the defendant solely by reason of the delay, cannot in itself furnish a sufficient reason for sustaining the plea.

It is urged that the alleged transaction took place in Vladivostok at a time when plaintiff might have sued in the local courts, if his claim was in good faith, and that he failed so to proceed, and offers no explanation for such failure. That contention is not sustained by the defendant. The witness Koelsch testified as follows, concerning the Military Kolchak Government:

"Q. Were there any courts functioning? A. I think so.

"Q. These were courts of the Kolchak Government? A. Well, functioning under the Kolchak Government, yes. I am not at all certain whether the court was in session or whether it wasn't."

The witness was testifying to the period of his presence in that city, which terminated in April, 1920, but the defendant has not offered any evidence that there were courts functioning in the following interval which concluded in October, 1922, when Vladivostok was taken by the Soviet forces.

Again, it is urged that, from the documents in evidence, it appears that the plaintiff's claim is fraudulent. That is an issue which can be determined only by a trial, but certainly the plaintiff should not be deprived of his day in court, on the present state of the record.

Again, it is urged that, by reason of the Soviet occupation of Vladivostok in October, 1922, and seizure of records of that branch, it would be inequitable to permit the plaintiff to undertake to establish his alleged cause of action before the jury. The trouble with this argument is that the confiscation of records may have militated as much against the plaintiff as against the defendant; but, again, a determination of this question must await the attempt of the plaintiff to prove his case.

The defendant has offered no proof to indicate that there were witnesses available to it within three years after the accrual of the alleged cause of action, who cannot now be summoned or examined, and the fact that it has been able to procure the deposition of Issacovitch as recently as October 31, 1928, is some evidence to the contrary.

It is not intended by the foregoing to suggest anything with reference to the merits of the alleged cause of action or the defense. It is merely considered that no sufficient showing has been made to justify the entry of a decree upon the defendant's plea of laches.

Accordingly, the plaintiff may take a decree without costs, dismissing the plea of laches.