## CITY OF FLINT v. CONSUMERS POWER CO.
### Nos. 933, 934.

District Court, E. D. Michigan, N. D. July 8, 1935.

Frank G. Millard, of Flint, Mich., for plaintiff.

W. D. Kline and N. B. Kelly, both of Jackson, Mich., for defendant.

Justin R. Whiting, of New York City (Brownell & Gault, of Flint, Mich., of counsel), for defendant.

TUTTLE, District Judge.

These two cases are before the court on motions by defendant to transfer the cases to the equity side of the court. So far as the questions here presented are concerned, the situation is identical in the two cases. The declaration in one case seeks to recover penalties at the rate of $300 per day for failure to secure a license under a certain ordinance regulating the supplying of electricity in the city of Flint. The ordinance provides for a penalty of $5 for each meter not licensed, the total penalty not to exceed $300 per day, the limit allowed under the Flint charter. The other declaration seeks to recover a penalty at the same rate for failure to comply with a similar ordinance relative to gas. The suits were brought in the state court and removed here on motion of defendant on the ground of diversity of citizenship and because the suits involved questions arising under the Federal Constitution.

Each plea alleges that the ordinance in question violates in several designated respects both the State and Federal Constitutions. Each plea closes with a prayer that the suit be transferred to the equity side of the court, that the ordinance be held invalid, and that the plaintiff be re-strained from enforcing the same.

The court is not required at this time to pass upon the merits of the claims made by the defendant relative to the lack of validity of the ordinance. It is sufficient to say that substantial questions as to constitutionality are in good faith raised. Interstate Transit v. City of Detroit, 46 F. (2d) 42 (C. C. A. 6). The defendant has in a proper manner presented to this court the question of the validity of the ordinance. It seems plain that this constitutes an equitable defense. The penalties provided by the ordinance are cumulative, and plaintiff alleges that these penalties are severe. Many suits at law might result. The right to pay under protest and sue to recover is attended with doubt. If the ordinance is void, it would be a defense to the suit at law, but on the law side of the court the remedy is not plain and adequate. If defendant is right in its contention that the ordinance is void, then the plaintiff should be enjoined from enforcing it. This cannot be accomplished on the law side of the court. The defense is one peculiarly appropriate for a court of equity. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 41 S. Ct. 272, 65 L. Ed. 638.

The practice sought to be followed by defendant in urging this equitable defense

seems to be in exact conformity with the provisions of section 398 of 28 USCA.

■ It seems probable that these cases will not present any issues of disputed facts for a jury. In any event, the equitable defense should first be passed upon by the chancellor. Liberty Oil Co. v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232.

An order will be entered transferring the cases to the equity side of the court.