Allie Williams, Appellant, v. Northern Trust Company, Appellee.

Gen. No. 42,185.

Heard in the first division of this court for the first district at the February term, 1942. Opinion filed October 26, 1942.

RATHJE, HINCKLEY, BARNARD & KULP, of Chicago, for appellant; FRANCIS E. HINCKLEY, of Chicago, of counsel.

TENNEY, SHERMAN, ROGERS & GUTHRIE, of Chicago, for appellees; S. ASHLEY GUTHRIE and L. DOW NICHOL, JR., both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff commenced a suit at law seeking the return of $2,000 earnest money paid by her upon the execution of a contract for the purchase of real estate; she appeals from an adverse decree and states that the sole question is the propriety of the trial court in treating and deciding the cause according to the practice in chancery.

In the contract the seller was described as the Northern Trust Company, trustee; it provided that the earnest money should be held in escrow by the Northern Trust Company.

This defendant filed an answer denying that it had entered into any contract with the plaintiff; alleging that in the contract the seller was described as "The Northern Trust Company, a corporation, of Chicago,

Illinois, not personally but as trustee under Trust Agreement No. 11547''; that defendant has received notice from this trustee that plaintiff has breached the contract and that according to its terms under such circumstances the seller, trustee, was entitled to the earnest money held in escrow by the defendant; also, that defendant has received a letter from the attorney of the plaintiff purporting to cancel the contract and demanding the payment to her of the $2,000 earnest money. ·

Defendant, the Northern Trust Company, also filed a counterclaim in the nature of an interpleader, setting forth the contract and stating that it was made between the Northern Trust Company, not personally but as trustee, as seller, and the plaintiff; that because of the opposing claims of the trustee on the one hand and the plaintiff on the other for the earnest money, defendant offers to bring the sum into court to abide by the decision of the court as to which of the opposing claimants is entitled to this.

To this counterclaim of the defendant plaintiff filed an answer asserting in substance that the seller was the Northern Trust Company, the defendant, who was the real party to the contract.

The Northern Trust Company, as trustee, also filed an answer to the counterclaim of the defendant, Northern Trust Company, in which it asserted that the seller under the express terms of the contract was the Northern Trust Company, as trustee; that the earnest money of $2,000 was held in escrow by the Northern Trust Company for the mutual benefit of the parties, and it also set out what it claimed was a breach of the contract by plaintiff and claimed it was entitled to receive the earnest money as liquidated damages.

The Northern Trust Company, defendant, filed a motion to strike plaintiff's answer, and upon hearing of this the trial court ordered the equity questions

tried first and referred the cause to a master in chancery to take evidence and report. After hearing the master filed a report, finding for the trustee and recommending that the fund in question should be paid to the trustee. The trial court approved this report and entered the decree accordingly.

Plaintiff appealed from that decree to the Supreme Court, alleging as error that plaintiff was denied the right of trial by jury upon a simple claim at law and that defendant was not entitled by law to an interpleader between itself and the plaintiff. It should be noted that plaintiff did not question the decision of the trial court on the merits.

In the Supreme Court the defendant (appellee there) argued that there was no constitutional question involved; that an action against a trustee in his representative capacity is unknown to a court of law and that the trial court properly ruled that the cause should be treated as in equity and proceeded accordingly. Defendant asked that the cause be transferred to this court. The Supreme Court was in accord with this argument and transferred the cause to this court. We may therefore conclude from the action of the Supreme Court that there was no denial by the trial court of any constitutional right of the plaintiff to a trial by jury. This rule has been stated in *Weininger v. Metropolitan Fire Ins. Co.*, 359 Ill. 584, 590, and in *Metropolitan Life Ins. Co. v. Davis*, 295 Ill. App. 582.

The contract in question specifically stated that it was executed by the Northern Trust Company "not personally but as executor and trustee as aforesaid, and is not to be held liable in its individual capacity in any way by reason of the same. Any recourse hereunder is only to be had against the trust estate." In *Schumann-Heink v. Folsom*, 328 Ill. 321, it was held that a trustee is not individually liable if it is stipulated that "he is not to be personally responsible

and that the other party is to look solely to the trust estate.'' (Citing cases.) In the instant contract personal liability was definitely disclaimed.

Under our Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 44 [Jones Ill. Stats.Ann. 104.044]) when plaintiff brought her suit against the defendant it could set up any and all cross-demands, whether in the nature of complaint in equity or otherwise, which shall be designated ''counterclaims,'' and it also provides that the court in its discretion may order separate trials of any such counterclaims. In *Liberty Oil Co. v. Condon Nat. Bank*, 260 U. S. 235, 242, the facts were very much like those at bar. There plaintiff brought a suit at law against the defendant bank for money had and received; the defendant answered claiming to be only a stakeholder of the fund and offered to pay it into court and asked that the other claimants of the fund be made parties; the opinion by Chief Justice TAFT held this raised an equitable defense and that ''Where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of as in a court of equity, and then if an issue at law remains, it is triable to a jury.''

Plaintiff argues that a bill of interpleader can be filed only by a party disclaiming any interest in the fund. This rule may be admitted, although there are possible exceptions (Story's Eq. Jur. (14th ed.), sec. 1140) and in the instant case the defendant disclaimed any interest in the earnest money and offered to bring it into court, to be paid as ordered by the court.

Plaintiff's counsel mistakenly argue that the Northern Trust Company, defendant here, and the Northern Trust Company, trustee, is one and the same corporation. The defendant, the Northern Trust Company, which conducts a banking business, and the Northern Trust Company, trustee, which held title to the real estate, are, in the case before us, two separate and distinct entities. ,

There was a full and complete trial in equity and the merits of the court's decree in that case are not questioned in this appeal. For the reasons indicated the decree is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.